[No. 13876–6–I.   Division One.   June 23, 1986.]

SAFECO INSURANCE COMPANY OF AMERICA, *Appellant,* v. HARVEY DAVIS, ET AL, *Respondents.*

Kenneth L. LeMaster, Donald D. Skinner, and Robert A. Keolker, for appellant.

Jose E. Gaitan, Leslie J. Savina, William R. Hickman, and Reed, McClure, Moceri & Thonn, for respondents.

SWANSON, J.—Safeco Insurance Company, plaintiff below, appeals a summary judgment order in favor of Harvey Davis, et al, defendants below. Safeco asserts that the trial court erred in concluding that an exclusionary provision in the Davises' automobile insurance policy issued by Safeco was ambiguous, and that therefore the Davises' 14–year–old daughter was insured when she had an accident while driving the car of an acquaintance.

The underlying facts in this appeal are undisputed. On October 1, 1982, an automobile driven by Lisa Davis collided with another vehicle, injuring the driver, Mary Thorn. Lisa, who was 14 years old at the time, had been given permission to drive the car by Paul Trierwiler, who was 18. Trierwiler regularly drove the car, owned by his parents, to school.

Lisa's parents, Harvey and Carol Ann Davis, were insureds under a policy issued by appellant Safeco. The policy provided in pertinent part:

"Family Member" means a person related to you by blood, marriage or adoption who is a resident of your household.

. . .

Liability Coverage: We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. . . . "Covered person" as used in this part means:
    1. You or any family member with respect to the ownership, maintenance or use of any auto.

. . .

Exclusions: We do not provide Liability Coverage:

. . .

    10. For any person using a vehicle *without a reasonable belief that the person is entitled to do so.* This exclusion does not apply to a family member using your covered auto.[1]

(Italics ours.) Safeco filed an action for declaratory relief, seeking a determination that the Davises' policy provided no coverage for any claims asserted against Lisa. The defendants, including the Davises, Thorn, Thorn's insurer PEMCO, the Trierwilers, and the Trierwilers' insurer State Farm, moved for summary judgment.

Following a hearing, the trial judge granted the motion, determining that exclusion 10 of the Safeco policy was ambiguous and unenforceable, and that Lisa was therefore covered by the omnibus liability provisions of the policy. We affirm.

Safeco argues that the question of whether Lisa had a reasonable belief that she was entitled to use the Trierwiler car was a factual one properly to be decided at trial. The

---

[1]These provisions of the Safeco policy have been taken from various places in the record. Safeco has not provided the full text of the Davises' policy, nor does it appear that the policy was before the trial court. However, neither party has called our attention to any other relevant definitions or provisions in the policy. In effect, Safeco concedes that Lisa is covered as a family member under the Davises' policy if exclusion 10 does not apply.

Davises respond that the term "entitled" in the exclusion was ambiguous and that the trial court properly construed the policy in favor of coverage.

We begin with the proposition that exclusionary clauses in an insurance contract are to be most strictly construed against the insurer. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68, 659 P.2d 509 (1983), *modified on other grounds*, 101 Wn.2d 830, 683 P.2d 186 (1984). Because "the purpose of insurance is to insure," that construction rendering the contract operative is to be preferred. *Phil Schroeder, Inc.*

An ambiguity exists if two reasonable and fair interpretations of a provision are possible. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 484, 687 P.2d 1139 (1984). When a policy provision is ambiguous, a meaning most favorable to the insured will be applied, even though the insurer may have intended a different or technical meaning. *State Farm Gen. Ins. Co. v. Emerson, supra; Glen Falls Ins. Co. v. Vietzke*, 82 Wn.2d 122, 126, 508 P.2d 608 (1973); *Thompson v. Ezzell*, 61 Wn.2d 685, 688, 379 P.2d 983 (1963) (quoting *Selective Logging Co. v. General Cas. Co. of Am.*, 49 Wn.2d 347, 351, 301 P.2d 535 (1956)).

Exclusion 10 of the Safeco policy excludes from liability coverage any person using a vehicle without a reasonable belief that the person is "entitled" to do so. On appeal, Safeco argues that the meaning of "entitled" as used in the exclusion is clear, but nowhere states clearly its meaning.[2] The Safeco policy itself provides no indication as to the meaning of "reasonable belief" or "entitled." Such terms are therefore to be given their ordinary and popular meaning. *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 37 Wn. App. 621, 624, 681 P.2d 875 (1984).

---

[2] In its "Memorandum in Opposition to Motion for Summary Judgment," Safeco asserts that "[w]hatever the term [entitled] means it certainly does *not* mean 'consent',. . . ."

In its appellate brief, Safeco appears to equate "entitled" with "proper authority." *See* Brief of Appellant, at 4. However, such an interpretation, even if correct, sheds scant illumination on the problem before us.

However, resort to the usual extrinsic aids does not provide clear guidance. According to *Webster's Third New International Dictionary* (1969), "entitle" means, among other things, "to give a right or legal title to: qualify (one) for something: furnish with proper grounds for seeking or claiming something".

Several reasonable interpretations of "entitled" are possible within the scope of the exclusionary language. One is "permission" or "consent", which focuses on the relationship between the driver and the owner of the vehicle. Another equally plausible interpretation of "entitled", apparently that urged by Safeco, is "legal authority", which focuses on a variety of relationships that arise between the driver and the State. Safeco places special stress on the fact that Lisa Davis did not have a driver's license. In addition, "entitled" could encompass both "consent" and "legal authority." The ambiguity and uncertainty of exclusion 10 are exacerbated by the broad range of situations to which the clause might apply. The average person consulting the policy would have difficulty ascertaining the extent of coverage.

██ Language in an insurance policy should be interpreted in the way it would be understood by the average person. *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 358, 517 P.2d 966 (1974). The inclusionary language of the Safeco policy is broad, providing liability coverage for any family member "with respect to the ownership, maintenance or use of any auto." We decline to find that an insured, faced with this provision and the ambiguous language of exclusion 10, would not reasonably expect coverage under the facts of the instant case. *Cf. Prosser Comm'n Co. v. Guaranty Nat'l Ins. Co.,* 41 Wn. App. 425, 433, 700 P.2d 1188 (1985).

A Kentucky court, construing an exclusionary provision virtually identical to that in the Safeco policy, has reached a similar conclusion. *State Auto. Mut. Ins. Co. v. Ellis,* 700 S.W.2d 801, 802 (Ky. Ct. App. 1985) ("The policy does not . . . specify whether 'entitled' means simply obtaining per-

mission from the owner of the vehicle or whether a valid license from the applicable state would also be required to avoid exclusion from coverage."). In *Ellis,* a 14–year–old girl was involved in an accident after taking her father's pickup truck without his permission. After determining that the exclusionary language was ambiguous and inoperative, the court held that the daughter was covered under the general "family member" provisions of the policy.

Other decisions involving exclusions similar to exclusion 10 have not reached the question of the meaning of "entitled" and are otherwise distinguishable. *See, e.g., Dairyland Ins. Co. v. General Accident Ins. Co.,* 435 So. 2d 1263 (Ala. 1983) (exclusion upheld when nonfamily member knew that owner did not wish him to drive vehicle and knew that person who gave permission did not have authority to grant permission); *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.,* 174 Ga. App. 513, 330 S.E.2d 443 (1985) (body shop owner who used customer's car for personal use had no reasonable belief that he was entitled to use car); *Robertson v. Lumbermen's Mut. Cas. Co.,* 160 Ga. App. 52, 286 S.E.2d 305 (1981) (party who took car surreptitiously had no express or implied permission and consequently no reasonable belief that he was entitled to use).

When exceptions are introduced into an insurance policy, the general presumption is that "that which is not clearly excluded from the operation of such contract is included in the operation thereof." (Italics omitted.) *Phil Schroeder, Inc.,* at 69 (quoting *Harris, Jolliff & Michel, Inc. v. Motorists Mut. Ins. Co.,* 21 Ohio App. 2d 81, 85, 255 N.E.2d 302 (1970)). It is undisputed that Paul Trierwiler gave Lisa permission to drive the Trierwiler car. Construing the exclusionary language in favor of the insured, we find that, as a matter of law, Lisa had a reasonable belief that she was entitled to use the vehicle and that exclusion 10 did not operate to exclude coverage.

Safeco argues that the policy was not underwritten with a 14–year–old unlicensed driver in mind and that a reasonable person would not expect an insurance policy to provide

coverage under the circumstances of the instant case.[3] However, if Safeco intended simply to exclude coverage for unlicensed and underaged drivers, it could have done so in clear terms. *See, e.g.,* 6C J. Appleman, *Insurance* § 4401, at 278 (1979); *United States Fire Ins. Co. v. Kendle,* 23 Ill. App. 3d 531, 318 N.E.2d 644, 648 (1974). An insurer is free to cut off liability with clear language, "but it cannot do so with [language] dulled by ambiguity." *Phil Schroeder, Inc.,* at 69 (quoting *Aetna Cas. & Sur. Co. v. Haas,* 422 S.W.2d 316 (Mo. 1968)).

Judgment affirmed.

WEBSTER, J., and HOLMAN, J. Pro Tem., concur.

---

[3]Safeco's argument is undercut by the language in the policy that the exclusion "does not apply to a family member using your covered auto." Thus, absent any exclusions not before us, the risk that an underage and unlicensed driver might use the family car was at least contemplated.