**OMAHA PROPERTY & CASUALTY INSURANCE COMPANY, Respondent,**

v.

**Shelley Megowan PETERSON and Leader National Insurance Company, Appellants.**

**No. WD 47475.**

Missouri Court of Appeals, Western District.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied Dec. 21, 1993.

Ben T. Schmitt, Robert J. Luder, Kansas City, for appellants.

Mark A. Ludwig, Jefferson City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

This lawsuit concerns whether Omaha Property and Casualty Insurance Company is liable for damage to a car involved in a three-car collision in Jefferson City on March 29, 1991. Shelley Megowan Peterson, who did not own the car or have a driver's license, drove the car into the rear of second car and pushed it into the rear of a third car. Omaha insured the car under a policy it issued to the car's owner, Shirley Jacobs. Peterson not only did not have Jacobs' permission to drive the car, but she believed that Jacobs did not want her to drive the car.

The trial court granted summary judgment for Omaha on the ground that its policy covered only drivers having a "reasonable belief" that they were "entitled" to use the insured car. Peterson and her insurer, Leader National Insurance Company, appeal. We affirm.

■ On March 29, 1991, Jacobs entrusted the car to her son Shannon. She regularly permitted her son to use the car. Peterson and Shannon Jacobs were alone at Jacobs' house on March 29. Jacobs was at work. Shannon Jacobs authorized Peterson to use the car to run errands. She and Shannon Jacobs admitted believing that Jacobs would not approve of Peterson's driving the car because she no longer had a valid driver's license. Shannon Jacobs warned her not to drive the car to the local shopping mall where his mother worked. He told her, "Be careful. Don't let my mother see [you]."

■ The policy Omaha issued to Jacobs excluded coverage of "any person ... using a vehicle without a reasonable belief that the person is entitled to do so." Peterson and Leader argue that the language is ambiguous and, therefore, it should be construed strictly against Omaha and in favor of coverage. *Omaha Indemnity Company v. Pall, Inc.,* 817 S.W.2d 491 (Mo.App.1991). An insurance policy is ambiguous if its provisions are duplicitous or difficult to understand. *Laiben v. Department of Revenue,* 572 S.W.2d 173, 175 (Mo. banc 1978). Peterson and Leader contend that the provision is ambiguous as applied to this case because they can outline an interpretation of the provision so as to require coverage: although Peterson did not have either a driver's license or Shirley Jacobs' permission, she had Shannon Jacobs' permission, so she had a reasonable belief that she was entitled to use the car.

The provision is not ambiguous. It is relatively straightforward: Peterson not only had to believe that she had a right to drive the car, but her belief had to be rational.

We acknowledge the cases cited by Peterson and Leader in which courts of other

jurisdictions have concluded that similar provisions were ambiguous.[1] These cases are not persuasive. We rely instead on the decision of the Maryland Court of Appeals which construed an identical provision in *General Accident Fire & Life Assurance Corporation, Ltd. v. Perry*, 75 Md.App. 503, 541 A.2d 1340 (1988).[2] The court concluded that the provision was not ambiguous and applied a two-part analysis: (1) whether the driver had a subjective belief that he or she was entitled to use the car, and (2) whether this belief was reasonable. *Id.* 541 A.2d at 1350. The court outlined these factors for determining whether a belief was reasonable:

> 1) [W]hether the driver had express permission to use vehicle; 2) whether the driver's use of the vehicle exceeded the permission granted; 3) whether the driver was "legally" entitled to drive under the laws of the applicable state; 4) whether the driver had any ownership or possessory right to the vehicle; 5) whether there was some form of relationship between the driver and the insured, or one authorized to act on behalf of the insured, that would have caused the driver to believe that he was entitled to drive the vehicle.

*Id.*

This court's Eastern District considered a similar provision in *Automobile Club Inter-Insurance Exchange v. Farmers Insurance Company, Inc.*, 778 S.W.2d 772 (Mo.App. 1989). The provision excluded coverage of any person "using a vehicle without a reasonable belief that person had the consent of the owner to do so[.]" The court reversed the trial court's conclusion that the provision was ambiguous. *Id.* at 774.

Although Peterson said that she believed that she was entitled to use the car because Shannon Jacobs told her she could, that belief was irrational. Shannon Jacobs had no permission to allow her to use the car, and

Peterson knew it. Shannon Jacobs believed his mother would disapprove of Peterson's use of the car, and Peterson knew it. Shannon Jacobs' consent could not create a reasonable belief of entitlement.

As a matter of law, no trier of fact could find that she had a "reasonable belief." The trial court properly granted summary judgment.

All concur.

1. See *Cooper v. State Farm Mut. Auto. Insurance Co.*, 849 F.2d 496 (11th Cir.1988); *Safeco Insurance. Co. v. Davis*, 44 Wash.App. 161, 721 P.2d 550 (1986); *Canadian Indemnity Co. v. Heflin*, 151 Ariz. 257, 727 P.2d 35 (App.1986); *State Farm Mut. Auto. Insurance Co. v. Moore*, 375 Pa.Super. 470, 544 A.2d 1017 (1988).

2. For other cases construing similar provisions as unambiguous, see *Wallen v. Acosta*, 799 F.Supp. 83 (D.Kan.1992); *Allstate Insurance Co. v. U.S. Fid. and Guar. Co.*, 663 F.Supp. 548 (W.D.Ark.1987), aff'd, 846 F.2d 1147 (8th Cir. 1988); *Fincher v. J.C. Penney Cas. Ins. Co.*, 520 So.2d 532 (Ala.App.1988); *Nationwide Mut. Insurance Co. v. Southern Trust Insurance Co.*, 174 Ga.App. 513, 330 S.E.2d 443 (1985).