[No. 36868-1-I.    Division One.    January 27, 1997.]

GAE YOUNG WOOH, ET AL., *Respondents*, v. THE HOME INSURANCE COMPANY, *Appellant.*

*H. Roland Hofstedt* and *Merrick Hofstedt & Lindsey,* for appellant.

*Charles J. Herrmann, Kathryn J. Herrmann,* and *Herrmann & Associates,* for respondents.

AGID, J. — Gae Young Wooh was involved in a three-car accident while driving her husband's company car. The Woohs made a claim for underinsured driver coverage to Home Insurance Company (Home). Home refused to pay, contending that Mrs. Wooh was excluded under a "reasonable belief" exclusionary clause. The trial court entered findings of fact and conclusions of law that Mrs. Wooh did reasonably believe that she was entitled to drive the vehicle. We affirm.

## FACTS

Si Wooh (Mr. Wooh) is the vice president and export manager of General Metals. As part of his compensation, he is issued a company vehicle for his personal and professional use. The vehicle is insured by Home. On June 5, 1990, Mr. Wooh's wife, Gae Young Wooh (Mrs. Wooh), was driving the car to a business meeting when she was involved in a three-car accident. Mr. and Mrs. Wooh made a claim for underinsured motorist coverage through Home. It denied the claim, contending that Mrs. Wooh was not entitled to coverage under the vehicle policy because she knew she was not authorized to drive the vehicle, and the policy specifically excluded "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so." Mr. and Mrs. Wooh filed this action against Home and Farmers Insurance Company[1] seeking an order compelling arbitration as well as a judgment declaring coverage.

Mr. Wooh's supervisor orally informed him that the ve-

---

[1] The trial court found that the Woohs had no uninsured motorist coverage with Farmers and granted its motion for summary judgment. It is no longer a party to this action.

hicle was only for his personal and professional use when it was issued to him. He testified that he understood the company policy prohibited nonemployees from using the vehicle unless they were conducting General Metals business. Nonetheless, Mr. Wooh periodically allowed his wife to drive his car. Mrs. Wooh testified that she never read the company policy or the Home insurance policy and the only information she received about the use of the vehicle was from her husband. At her deposition, she testified that her husband informed her that she was not expressly allowed to drive the company vehicle. However, she believed that, because the company gave her husband the car and because he had authority to drive it for personal as well as business purposes, he had the authority to allow her to drive it when he chose to.

The trial court found that Mrs. Wooh reasonably believed that she was entitled to drive the car because she had driven it in the past and was never told that she would not be insured. It entered findings of fact and conclusions of law declaring that she was covered under the Home policy and, based on those findings, entered an order compelling arbitration.

## DISCUSSION

A. Plaintiffs' Motion to Dismiss

█ Prior to reaching the merits of Home's appeal, the Woohs move to dismiss the appeal contending that Home may not appeal directly from an order compelling arbitration. The Woohs are correct that an order compelling arbitration is not a final order, appealable of right under RAP 2.2(a). *Teufel Constr. Co. v. American Arbitration Ass'n*, 3 Wn. App. 24, 25, 472 P.2d 572 (1970). However, they incorrectly assume that Home is appealing from this order. In their prayer for relief, the Woohs requested a declaratory judgment as well as an order compelling arbitration. Home appeals from the findings of fact and conclusions of law entered in the declaratory judgment rather than the order compelling arbitration. A declara-

tory judgment is appealable as a final judgment. *Simpson Tacoma Kraft Co. v. Department of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992). Therefore, the Woohs' motion to dismiss is denied.

■ The Woohs also contend that Home is barred from contesting coverage under the policy because it failed to bring a motion to stay the arbitration within twenty days of notification of intent to arbitrate. They argue that RCW 7.04.040(4) governs this question:

> In order to raise an issue as to the existence or validity of the arbitration agreement or the failure to comply therewith, a party must set forth evidentiary facts raising such issue and must . . . make a motion for a stay of the arbitration. If a notice of intention to arbitrate has been served . . . , notice of the motion for the stay must be served within twenty days after service of said notice. . . .

By its plain language, the statute applies only to a party contesting existence or validity of or compliance with an arbitration clause. But Home is contesting Mrs. Wooh's coverage under the policy. Therefore, the statute does not apply in this case, and Home was not required to bring a motion to stay the arbitration to preserve its coverage contention.

B. "Reasonable Belief" Exclusion Clause

Mr. Wooh told his wife that she was not allowed to drive his company car. Yet, he allowed her to drive it for short errands, when her car was being repaired, when they were on long trips together, or to take him to the airport. Home contends that Mrs. Wooh cannot be covered by its policy with General Metals because, having been told that the company policy prohibited her from driving the car, she could not have had the required reasonable belief that she was entitled to drive it.

■ In its previous discussions of similar clauses, this court has stated that a driver's belief is reasonable unless

the driver did not have permission to drive the vehicle at all or the permission had been granted by someone the driver knew had no authority to grant permission. *Safeco Ins. Co. v. Davis*, 44 Wn. App. 161, 166, 721 P.2d 550 (1986). Despite the discussion of the "reasonable belief" clause in *Safeco*, no Washington case has decided what test should be used to determine the reasonableness of the driver's belief. Here, the trial court specifically found that Mrs. Wooh had a subjective belief that she was entitled to use the car when her husband gave her permission to drive it.

We hold that an objective standard for determining reasonableness is more appropriate. Objective tests have been adopted by other jurisdictions. We find persuasive and consistent with Washington law the Maryland Court of Appeals formulation, developed after a review of all reported cases discussing similar exclusion clauses. That court held that "coverage is excluded if the driver (a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such a belief or claim." *General Accident Fire & Life Assurance Corp. v. Perry*, 541 A.2d 1340, 1349 (Md. Ct. Spec. App. 1988) (quoting *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 330 S.E.2d 443, 445 (1985)).

In applying the first prong of the test, the court applies the same analysis used in *Safeco*. If the driver has no permission, or was granted permission by someone who had no authority to grant permission, the driver knew he or she was not entitled to drive the car. Mrs. Wooh was given permission to drive the vehicle by her husband who was also the vehicle's primary driver. She testified that she believed her husband had authority to grant her such permission. Thus, the first prong of the test does not apply, and the remaining question is whether Mrs. Wooh's belief was reasonable. We consider five factors, discussed by the *General Accident* court, in determining whether a driver's belief was objectively reasonable: (1) Whether the

driver had express permission to use the vehicle; (2) whether the driver's use of the vehicle exceeded the permission granted; (3) whether the driver was legally entitled to drive under the laws of the applicable state; (4) whether the driver had any ownership or possessory right to the vehicle; and (5) whether there was some form of relationship between the driver and the insured, or one authorized to act on behalf of the insured, that would have caused the driver to believe that he or she was entitled to drive the vehicle. *General Accident*, 541 A.2d at 1350. In this case, all but the fourth factor, the driver's ownership or possessory interest in the vehicle, counsel in favor of affirming the trial court's decision. First, Mr. Wooh expressly permitted his wife to use the car on the date of the accident. She asked him if she could use the car for her business meeting and he gave her the key. Second, Mrs. Wooh was on her way to the business meeting when the accident occurred. She did not exceed the authority granted. Third, Mrs. Wooh was a licensed Washington driver. Finally, because Mr. Wooh was a vice president and manager with General Metals, and was authorized to use the vehicle for both business and personal use, Mrs. Wooh believed that he controlled the car and its use and that he had authority to use it and lend it as he pleased, including allowing her to drive it.

Considering each of these factors, and Mrs. Wooh's testimony that she had a history of driving the vehicle and was never told that she would not be insured if an accident occurred, the trial court was correct in finding that she reasonably believed that she was entitled to drive the car. We reach the same result under the objective standard as it did under a subjective test. The trial court properly found that Mrs. Wooh was covered by the Home policy.

Affirmed.

KENNEDY, A.C.J., and GROSSE, J., concur.