## HAULERS INSURANCE COMPANY, INC., Plaintiff–Respondent,

v.

## Phillip POUNDS, a/k/a Philip Pounds, Defendant–Appellant,

Larry Sadler, Estate of Phillip Austin Pounds, a/k/a Philip Pounds, Rodney Smith, and Estate of Nancy Avila, Defendants.

No. SD 29068.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 31, 2008.

---

James R. Tweedy, Bloomfield, MO, for Appellant.

James E. Laramore, Cape Girardeau, MO, for Respondent.

Timothy F. Ruddy, Cape Girardeau, MO, for Defendant Larry Sadler.

Matthew E. Hill, Cape Girardeau, MO, for Defendant Rodney Smith.

DON E. BURRELL, Presiding Judge.

Haulers Insurance Company, Inc. ("Haulers") filed a petition for declaratory judgment to determine whether a policy exclusion relieved it of any duty to provide coverage and a defense to its named insured, Rodney Smith ("Father"), for a claim involving Father's daughter, Nancy Avila ("Daughter").[1] After conducting dis-covery, both parties asserted there were no material facts in dispute, and each filed a motion claiming they were entitled to judgment in their favor as a matter of law. Father now appeals the trial court's judgment granting Haulers motion for summary judgment and denying Father's. Because Haulers has not proven, as a matter of law, that the policy exclusion it relies on precludes coverage, we reverse and remand.

## I. Standard of Review

■■■■ In determining whether a trial court has properly granted summary judgment, we use a *de novo* standard of review and give no deference to the trial court's decision. *City of Springfield v. Gee,* 149 S.W.3d 609, 612 (Mo.App. S.D.2004); *Murphy v. Jackson Nat'l Life Ins. Co.,* 83 S.W.3d 663, 665 (Mo.App. S.D.2002). Instead, we employ the same criteria the trial court should have used in deciding whether to grant the motion. *Barekman v. City of Republic,* 232 S.W.3d 675, 677 (Mo.App. S.D.2007) (citing *Stormer v. Richfield Hosp. Services., Inc.,* 60 S.W.3d 10, 12 (Mo.App. E.D.2001)). We view the record in the light most favorable to the party against whom judgment was entered—according that party the benefit of all favorable inferences that may reasonably be drawn from the record—then determine whether the moving party was entitled to prevail as a matter of law. *Id.* (citing *ITT Commercial Finance Corp. v. Mid-Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993)).

## II. Facts and Procedural Background

Father's automobile insurance policy from Haulers ("the policy") provided coverage for himself and for members of his

---

1. Because many of the people referred to in this case are family members and may share the same name, we refer to several of them by either their title or first name to prevent possible confusion. In so doing, we intend no disrespect.

family who resided with him. On March 28, 2005, Daughter resided with Father and was thereby considered an "insured" under the policy. On that tragic day, Daughter and her sixteen-year-old friend, Philip Austin Pounds ("Philip"), were killed in an automobile accident when the vehicle in which they were traveling ran into the back of another vehicle on a public highway. At the time of the collision, Daughter was driving Philip's car (a vehicle actually owned by Philip's father), and Philip was in the passenger seat. Daughter was fifteen years old and did not have a driver's license.

Philip's father thereafter filed a suit against Father (as the personal representative of Daughter's estate) for the wrongful death of Philip on the grounds that his death had been caused by Daughter's negligence. Father then made a demand upon Haulers to provide him with a defense in the case and pay any resulting monetary damages as provided in the policy.

Haulers denied coverage and filed its petition for declaratory judgment. Haulers based its denial of coverage on a provision in the policy that states: "We do not provide Liability Coverage for any 'insured': . . . [u]sing a vehicle without a reasonable belief that that 'insured' is entitled to do so. . . ." Father's single point on appeal alleges the trial court erred by finding Haulers had met its burden of proof that the quoted exclusion barred coverage under the undisputed facts.

### III. Discussion

In general, "an insurance policy is a contract to afford protection to an insured and will be interpreted, if reasonably possible, to provide coverage." *Gibbs v. Nat'l Gen. Ins. Co.*, 938 S.W.2d 600, 605 (Mo.App. S.D.1997). Where an insurer seeks to deny coverage based on a policy exclusion, the burden of establishing that the exclusion applies lies with the insurer. *Am. Family Mut. Ins. Co. v. Arnold Muffler, Inc.*, 21 S.W.3d 881, 883 (Mo.App. E.D.2000).

Father cites our decision in *McRaven v. F–Stop Photo Labs, Inc.*, 660 S.W.2d 459 (Mo.App. S.D.1983), as support for the proposition that exclusionary clauses in insurance contracts are to be strictly construed against the drafter and then urges us to adopt "the construction most favorable to the insured." This last request, however, can be granted only if we find the wording of the exclusionary clause to be ambiguous.

> Exclusionary clauses in insurance contracts are to be strictly construed against the author thereof *and if they are ambiguous,* courts are compelled to adopt a construction favorable to the insured. Insurance policies must be considered as a whole and reasonably interpreted so as to be consistent with the apparent object and intent of the parties thereto. Such contracts should be considered as affording coverage whenever it is reasonably possible to do so and policy provisions *which prove to be ambiguous* may not be successfully used as policy defenses.

*Id.* at 462. (emphasis added). *See also Harrison v. Tomes,* 956 S.W.2d 268, 270 (Mo. banc 1997).

"An insurance policy is ambiguous if its provisions are duplicitous or difficult to understand." *Omaha Prop. & Cas. Ins. Co. v. Peterson,* 865 S.W.2d 789, 790 (Mo. App. W.D.1993). The language "using a vehicle without a reasonable belief that the person is entitled to do so" was at issue in *Peterson* and our Court's Western District therein held:

> The provision is not ambiguous. It is relatively straightforward: [the driver of

the car] not only had to believe that she had a right to drive the car, but her belief had to be rational.

*Id.* The *Peterson* decision acknowledged that other jurisdictions had found similar language to be ambiguous, but did not find those decisions persuasive.

We rely instead on the decision of the Maryland Court of Appeals which construed an identical provision in *General Accident Fire & Life Assurance Corporation, Ltd. v. Perry*, 75 Md.App. 503, 541 A.2d 1340 (1988). The court concluded that the provision was not ambiguous and applied a two-part analysis: (1) whether the driver had a subjective belief that he or she was entitled to use the car, and (2) whether this belief was reasonable. *Id.* at 1350. The court outlined these factors for determining whether a belief was reasonable:

1) Whether the driver had express permission to use vehicle; 2) whether the driver's use of the vehicle exceeded the permission granted; 3) whether the driver was "legally" entitled to drive under the laws of the applicable state; 4) whether the driver had any ownership or possessory right to the vehicle; 5) whether there was some form of relationship between the driver and the insured, or one authorized to act on behalf of the insured, that would have caused the driver to believe that he was entitled to drive the vehicle.

*Id.* at 791.

■ The language at issue in *Peterson* was practically identical to the language of the policy exclusion in the instant case; the only difference being the use of the word "person" there as opposed to "insured" here. The facts in *Peterson* were also strikingly similar. The car was owned by a mother who regularly permitted her son to use it. *Id.* at 790. One day while his mother was at work, the son allowed a friend of his to drive the car and the friend was involved in an accident. *Id.* While the son's friend also did not possess a valid driver's license, the court based its affirmation of the trial court's summary judgment in favor of the insurance company on the fact that the friend's belief that she was entitled to use the car as a result of the son's permission was irrational because: 1) both the son and his friend admitted they knew that son did not have permission to allow his friend to use the car; and 2) both knew the car's owner would have *disapproved* of the friend's use of the car. *Id.* at 791. Thus, the court found, under those admitted facts, that the friend could not have had a "reasonable belief" that she was entitled to drive the car. *Id.*

We have no such admission in the instant case, and what Philip and Daughter believed are unknown. We are thus faced squarely with the question as to whether the fact that Daughter was fifteen years old, unlicensed, and unable to legally drive *any* automobile on the public roadways, is, of itself, sufficient as a matter of law to make unreasonable any subjective belief she may have had that she was "entitled" to drive Philip's car at the time of the collision. We believe the answer to that question is "no." [2]

---

2. In making this determination, we acknowledge that there is a split in authority among jurisdictions that have considered the matter. *Compare Canadian Indem. Co. v. Heflin*, 151 Ariz. 257, 258, 727 P.2d 35, 36 (1986) (noting that whether the unlicensed fifteen-year-old had a reasonable belief to drive the car is a question of fact), *and Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 470 S.E.2d 659, 664 (1996) (holding "it was error granting summary judgment to the insurer ... when there was undisputed evidence that the non-owner user had the express permission of the owner to use the vehicle"), *and Farm and City Ins.*

■ The Maryland Court of Appeals in *Perry*, the decision relied upon in *Peterson*, acknowledged that "[o]rdinarily, when there are genuine disputes as to material facts the question of the reasonableness of a driver's belief is one of fact." *Gen. Acc. Fire & Life Assur. Corp., Ltd. v. Perry*, 75 Md.App. 503, 541 A.2d 1340, 1351 (Md.Ct. Spec.App.1988). We also hold that whether Daughter had a "reasonable belief" that she was "entitled" to drive Philip's car is a question of fact that should be analyzed using the factors set forth in *Peterson*.

In its statements of uncontroverted material facts, Haulers presented undisputed evidence that Daughter was fifteen years old, unlicensed, and had no ownership interest in Philip's car. While this evidence weighs in favor of a finding of unreasonableness as to the third and fourth factors adopted by the *Peterson* court—whether Daughter could "legally" drive and whether Daughter had an ownership or possessory right to the vehicle—Haulers has not proved that Daughter lacked Philip's express permission to use the vehicle or that her use exceeded the scope of any such express permission—information necessary to determine the first two factors set forth in *Peterson*.[3] As the movant, it was Haulers burden to present evidence on these two factors.

Unlike *Peterson*, where there was direct evidence that the unlicensed driver knew the son did not have permission to allow her to use the vehicle and knew that the car's owner would disapprove of her use, a question of fact exists as to whether Daughter had any reason to believe that she did not have permission to use Philip's vehicle. In fact, a reasonable inference favorable to Father is that Daughter had permission to operate the vehicle based on the broad, unfettered use of the vehicle given to Philip by its owner. *See U.S. Fid.*

---

*Co. v. Gilmore*, 539 N.W:2d 154, 157–58 (Iowa 1995) (holding that an unlicensed, underage driver who had previous driving convictions and who had consumed four bottles of beer had a reasonable belief that he was entitled to use the vehicle where he believed he was driving with the permission and at the request of the apparent owner), *and Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 326 N.C. 771, 392 S.E.2d 377, 380 (1990) (finding summary judgment improper because the unlicensed driver's reasonable belief as to whether he was entitled to drive the vehicle was a question of fact to be determined by a jury), *and Broz v. Winland*, 68 Ohio St.3d 521, 629 N.E.2d 395, 399 (1994) ("the test under the insurance policy was not whether the plaintiff believed he was licensed to drive but whether he reasonably believed he was authorized to drive the car."), *and Safeco Ins. Co. of America v. Davis*, 44 Wash. App. 161, 721 P.2d 550, 553 (1986) (finding, as a matter of law, that the fourteen-year-old driver, who had been given permission to drive by an eighteen-year-old whose parents owned the car, had a reasonable belief that she was entitled to use the vehicle) *with Huggins v. Bohman*, 228 Mich.App. 84, 578

N.W.2d 326, 329 (1998) (finding that "an underage, unlicensed, inexperienced driver" could not have reasonably believed she was entitled to drive the vehicle without a driver's license), *and Progressive N. Ins. Co. v. Concord Gen. Mut. Ins.*, 151 N.H. 649, 864 A.2d 368, 373 (2005) (concluding "that the entitlement exclusion is not ambiguous in its application, and that [an unlicensed driver] could not as a matter of law have had a reasonable belief that he was entitled to drive the car when he knew he did not have a valid driver's license, despite any permission extended to him by his girlfriend."), *and Newell v. Nationwide Mut. Ins. Co.*, 334 N.C. 391, 432 S.E.2d 284, 288 (1993) (concluding as a matter of law that the unlicensed driver could not have had a reasonable belief he was entitled to use his father's vehicle when his license was revoked and his parents had expressly forbidden him from using his father's vehicle).

**3.** In regard to the fifth factor set forth in *Peterson*—whether there was some form of relationship between the driver and the insured that would cause the driver to believe that she was entitled to drive the vehicle—it is undisputed that no such relationship existed.

& Guar. Co. v. Safeco Ins. Co. of America, 522 S.W.2d 809, 816 (Mo. banc 1975); *Universal Underwriters Ins. Co. v. Michael*, 781 S.W.2d 119, 122 (Mo.App. W.D.1989). Here, Philip's father stated in his deposition that Philip was the primary driver of the vehicle; that Philip had exclusive control of the vehicle and "it was [Philip's] car"; that he trusted Philip's judgment with regard to Philip's driving "perimeters," responsibilities, and allowances; and when asked to confirm that he had never given Philip specific or express authority to allow an unlicensed driver to drive his vehicle, he responded: "Correct. But I guess I just trusted his judgment." Such "broad and unfettered" use of the vehicle implied authority for Philip to allow others to use it. *See Id.* at 813 (holding that the insured mother gave her daughter such "broad and unfettered" use of the automobile that the daughter had implied permission to let others drive); *Michael*, 781 S.W.2d at 122 (holding that salesmen were given such unrestricted permission to use the car that their authority to allow third persons to drive was implied); *Kemp v. MFA Mut. Ins. Co.*, 468 S.W.2d 700, 705 (Mo.App.K.C.1971) (holding that the absence of an explicit restriction on the use of an automobile is a strong indication that such use is permissible). In any event, whether Philip's father's broad grant of authority for Philip to use the car authorized Philip to allow Daughter to use the vehicle is a material question of fact. *See U.S. Fid. & Guar. Co.*, 522 S.W.2d at 812 (discussing this issue in the context of an insurance policy's omnibus clause).

We understand the difficulty in presenting direct evidence as to these first two factors set forth in *Peterson* because of the unfortunate deaths of Daughter and Philip, but cannot conclude as a matter of law that Daughter's belief that she was entitled to use the vehicle was unreasonable based on the facts presented to the trial court. As the party bearing the burden of proof on the applicability of the policy exclusion, Haulers concomitantly bears the risk of nonpersuasion. *See Burns v. Labor & Indus. Relations Comm'n*, 845 S.W.2d 553, 556 (Mo. banc 1993).

Because Haulers did not establish as a matter of law that its policy exclusion applied so as to preclude coverage, it was not entitled to summary judgment in its favor. The judgment is reversed and the case is remanded.

PARRISH and RAHMEYER, JJ., Concur.