

# Missouri Court of Appeals
## Southern District

In Division

VANESSA HARTWELL,      )
     )
     Plaintiff-Appellant,      )
     )
v.      )      No. SD37282
     )
AMERICAN FIDELITY ASSURANCE      )      **Filed: August 9, 2022**
COMPANY,      )
     )
     Defendant-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable C. Wade Pierce

**<u>AFFIRMED</u>**

This appeal concerns the interpretation of a health-insurance policy. Vanessa Hartwell ("Insured") appeals a grant of summary judgment in favor of American Fidelity Assurance Company ("Insurer") on Insured's breach-of-contract claim. Because Insured failed to show that there is a genuine issue for trial with respect to her use of Saint Francis Medical Center ("Saint Francis") as "a place for rehabilitation," the circuit court did not err in entering judgment in favor of Insurer.

1

**Background**

This is the second time that this case has come before us.  *See* ***Hartwell v. Am. Fid. Assur. Co.***, 607 S.W.3d 807 (Mo. App. S.D. 2020) ("***Hartwell I***").[1]  We freely borrow facts from that opinion without further attribution.

The parties agree that the health insurance policy at issue was in full force and effect during the dates in question.  Under the applicable section of the policy, "Hospital Confinement Benefits" will be paid only if the policy holder is "confined as a patient in a Hospital due to an Accidental Injury or Sickness."  The policy also provides that the term "Hospital" does not include any institution that is used as "a place for rehabilitation" or "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients."

Insured was confined at Saint Francis from June 11, 2018, through July 4, 2018.  Insurer agreed that Insured was confined in a "Hospital" between June 11 and June 19, and Insurer paid her Hospital Confinement Benefits for that time period.  Insurer, however, denied that Insured was confined in a "Hospital" from June 20 through July 4, when she was moved to a different room in Saint Francis, claiming instead that Insured was then using the institution as "a place for rehabilitation" or as "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients."  As a result, Insurer paid Insured "Disability Benefits" for her stay from June 20 through July 4.  Disability Benefits are paid at a lower rate per day than Hospital Confinement Benefits.  Insured, believing that she was entitled to receive Hospital Confinement Benefits on those days as well, filed suit against Insurer for breach of contract and vexatious refusal to pay insurance benefits.

---

[1] In ***Hartwell I***, we held, *inter alia*, that the circuit court erred in granting summary judgment in favor of Insurer because Insurer had not established a *prima facie* right to summary judgment in that Insurer failed to "state as an alleged material fact in its SUMF that [Insured] *used* [Saint Francis] in a manner" that prohibited her from receiving Hospital Confinement benefits.  607 S.W.3d at 814.

After we remanded the case in ***Hartwell I***, Insurer filed an amended motion for summary judgment that claimed Insurer was entitled to judgment as a matter of law because Insured had used Saint Francis as a rehabilitative facility during the time that Insurer had paid Insured Disability Benefits instead of Hospital Confinement Benefits.

The circuit court entered judgment in favor of Insurer on both counts of Insured's petition, finding (in pertinent part) that

> [Insurer] has alleged uncontroverted material facts, accompanied by supporting documentation, including that [Insured] *used* [Saint Francis] as "a place for rehabilitation" (*See* ¶ 14 of [Insurer]'s Statement of Uncontroverted Material Facts [("SUMF")]), sufficient to establish a right to judgment as a matter of law. The Court further finds that [Insured] has failed to show that fact, or any other material facts alleged by [Insurer] to be uncontroverted, to be genuinely disputed. [(Footnote omitted.)]

This appeal timely followed.

## Standard of Review & Governing Law

A grant of summary judgment is only proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. ***Hartwell I*** at 812.

> "Where, as here, the trial court granted summary judgment, this Court [] applies a *de novo* standard of review." [*Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010)]. This means we "give no deference to the trial court's decision" but rather "employ the same criteria the trial court should have used in deciding whether to grant the motion." *Haulers Ins. Co., Inc. v. Pounds*, 272 S.W.3d 902, 904 (Mo. App. 2008) (internal citations omitted).

***Hartwell I*** at 810.

Although we give no deference to the circuit court's ruling on a motion for summary judgment, the appellant always bears the burden of demonstrating reversible error on appeal. ***City of De Soto v. Parson***, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021).

3

**Analysis**

*Point 1*

Point 1 claims the circuit court erred in entering summary judgment in Insurer's favor because a genuine issue of material fact exists as to Insured's use of Saint Francis during the time period in question. Insured also argues in this same point that the circuit court's judgment was in error because she did not receive daily therapy and that Insurer waived its ability to pay only Disability Benefits by paying Insured Hospital Confinement Benefits on previous days when she had received rehabilitative therapy.[2]

In *Hartwell I*, we held that Insurer did not make a *prima facie* showing of a right to judgment as a matter of law because Insurer's SUMF had failed to allege "the material fact that between June 20, 2018, through July 4, 2018, [Insured] *used* [Saint Francis] as either 'a place for rehabilitation' or 'an extended care facility for the care of convalescent, rehabilitative or ambulatory patients.'" *Id.*

Insurer rectified this shortcoming after remand, alleging in paragraph 14 of its amended SUMF that "[f]rom June 20 through July 4, the Inpatient Rehabilitation Facility [at Saint Francis] was used by [Insured] as a place for rehabilitation by receiving PT, OT, RT, SLP, and rehab nursing throughout her confinement in the rehab facility. *See* Exhibit G and Exhibit H." Exhibit G contains medical orders for Insured to undergo occupational therapy, physical therapy, and respiratory care, beginning on June 20. Exhibit H is an order for Insured to receive bowel and bladder training, beginning on June 20.

---

[2] Insured's point is multifarious in that it presents more than one claim of reversible error in a single point. Although we could deny the point on that basis, we have chosen to exercise our discretion to review her arguments *ex gratia*. *See City of Joplin v. Wallace Bajjali Dev. Partners, L.P.*, 522 S.W.3d 327, 330-31 (Mo. App. S.D. 2017).

Having now alleged that Insured used Saint Francis as a place for rehabilitation, and having supported it with appropriate supporting materials, Insurer established a *prima facie* right to judgment as a matter of law, and the burden shifted to Insured to demonstrate that the alleged uncontroverted material fact was genuinely in dispute. *Id.* at 815.

Insured's response to paragraph 14 states:

Denied. [Insured] used the hospital daily as a hospital for continuation of her hospital care. See Affidavit of [Insured], Exhibit 2, Paragraphs 1-4 and 9-17. See also billing, Exhibit 3.

The relevant paragraphs of Insured's Exhibit 2 make the following assertions:

1. I was confined as a patient at [Saint Francis] in Cape Girardeau, MO beginning June 11, 2018 and ending on July 4, 2018.

2. I was provided and received hospital care while I was confined as a patient at [Saint Francis] June 11, 2018 to July 4, 2018.

3. From the time I arrived on June 11, 2018 to the time I departed [Saint Francis] on July 4, 2018 I used [Saint Francis] as a hospital.

4. From the time I arrived on June 11, 2018 to the time I departed [Saint Francis] on July 4, 2018 I used [Saint Francis] as a place for continuing hospital care.

    . . . .

9. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 I was examined by medical doctors.

10. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my pain level was monitored.

11. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 I was administered medications.

12. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my blood pressure was monitored.

13. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my pulse oxygen was monitored.

5

14. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my wound dressings were changed.

15. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 I was monitored for infection.

16. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my vitals were monitored.

17. While confined in [Saint Francis] June 20, 2018 to July 4, 2018 my blood was drawn by hospital staff.

Exhibit 3 is a two-page billing document that provides a description of "SBSQ Hospital Care/Day" for various minutes on various days during the time period in question, along with a dollar amount. Insured's affidavit also asserted that she "did not do therapy on Sundays in the last two weeks of [her] hospitalization at [Saint Francis], nor on the date of [her] final discharge, July 4, 2018."

With respect to Insured's "denial" of Insurer's SUMF paragraph 14, the circuit court found as follows:

> In response to [Insurer]'s SUMF ¶14, [Insured] responds only that she "used the hospital daily as a hospital for continuation of her hospital care," and bolsters that response with only her own sworn affidavit and a billing statement from [Saint Francis], to support her contention that there is a genuine issue for trial concerning her use of the institution between June 20, 2018, through July 4, 2018. This attempt fails for two reasons: (1) the classification/coding entries made by [Saint Francis] in its billing records are wholly non-determinative regarding [Insured]'s "use" of the institution on the stated dates, and is certainly not conclusive; and, most importantly, (2) in none of the paragraphs of her affidavit does she support her denial of the material fact that she used [Saint Francis], *in any manner* during the relevant time period, as "a place for rehabilitation." To the contrary, by affirmatively stating in her affidavit (*See* ¶20) that she did not do therapy during her last two weeks at [Saint Francis] on Sunday, June 24, 2018, on Sunday, July 1, 2018, nor on July 4, 2018 (described by her, curiously enough, as "the date of my *final* discharge"), she fails entirely to address the remaining eleven days of her stay, thereby leaving the distinct impression that she is conceding she "did do therapy" on all the other days.

We agree with the circuit court that Insured failed to create a genuine issue of material fact as to whether she used Saint Francis as "a place for rehabilitation."

The affidavit Insured provided in support of her "denial" did not address the assertion in Insurer's SUMF paragraph 14 that Insured had, in fact, used the facility for rehabilitation purposes. Instead, Insured listed other medical services that she had received during that time period -- information that does not address the claim that she had received rehabilitative services. And we also take Insured's statement in paragraph 20 of her affidavit – that she did not do therapy on her last two Sundays – as an implicit admission that she *did* receive such therapy on the other days within the time period at issue.

"[W]here a denial fails to address the substance of an alleged uncontroverted material fact, it is an ineffective denial that cannot serve to defeat summary judgment." ***Fid. Real Est. Co. v. Norman***, 586 S.W.3d 873, 886 (Mo. App. W.D. 2019).

In ***Hartwell I***, we held that the policy at issue unambiguously excludes Hospital Confinement coverage when an insured uses a facility as "a place for rehabilitation" or "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients." 607 S.W.3d at 811-12. Whether Insured used Saint Francis for additional purposes (like those she alleges in her affidavit) has no legal import; ***Hartwell I*** established the law of the case when it determined that the policy's definition of "Hospital" unambiguously excludes any facility that was used *in any manner* as a place of rehabilitation. ***Id.*** at 812.

Because Insured failed to demonstrate the existence of a genuine dispute about whether she used Saint Francis as a place of rehabilitation during the disputed time period,

7

Point 1 is denied.[3]

*Point 2*

Insured's second point states, *in toto*: "The [circuit] court erred in entering summary judgment in [Insurer]'s favor because a genuine issue of material fact exists in that [Insured] did not receive daily therapy."

The premise of Insured's point is based upon a faulty assumption -- that she must have received *daily* rehabilitative services in order to have used Saint Francis as "a place for rehabilitation." As explained in our analysis of Point 1, the law of the case, as set forth in **Hartwell I**, is that *any* such use removes that facility from the definition of "Hospital." **Id.** at 812. Point 2 fails.

*Point 3*

Point 3 claims the circuit court erred in entering summary judgment on Insured's claim for vexatious refusal to pay insurance benefits. As both parties acknowledge, a claim for vexatious refusal to pay is only available when a breach of contract has been established. **Id.** at 815. Because the circuit court properly found in favor of Insurer on that claim, Insured's derivative vexatious-refusal claim was rendered moot.

Point 3 is also denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

---

[3] Insured cites no legal authority in support of her additional argument that Insurer's payment of the higher Hospital Confinement rate on prior days when Insured may also have received some rehabilitative services constituted a waiver of its ability to pay the lower Disability Benefits rate after that point. As a result, we consider that argument to have been abandoned. **Barbero v. Wilhoit Props., Inc.**, 637 S.W.3d 590, 595 (Mo. App. E.D. 2021) ("When a party fails to support allegations with relevant legal authority or argument beyond conclusory statements, we deem the point abandoned").