

FILED

Oct 29 2015, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Timothy M. Swan
Garan Lucow Miller, P.C.
Merrillville, Indiana

ATTORNEY FOR APPELLEE

April L. Board
Boonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State Farm Mutual Automobile
Insurance Company,

*Appellant-Defendant,*

v.

Carol Jakubowicz, Individually,
and as Parent and Legal
Guardian of Jacob Jakubowicz
and Joseph Jakubowicz, Minors,

*Appellees-Plaintiffs.*

October 29, 2015

Court of Appeals Case No.
45A05-1502-CT-78

Appeal from the Lake Circuit Court

The Honorable George C. Paras,
Judge

Cause No. 45C01-0810-CT-156

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals the trial court's denial of its motion for summary judgment in favor of Appellees-Plaintiffs, Carol Jakubowicz, Individually, and as Parent and Legal Guardian of Jacob and Joseph Jakubowicz, Minors (Collectively, Jakubowicz).

We reverse and remand.

## ISSUE

State Farm raises one issue on appeal, which we restate as: Whether the trial court properly denied summary judgment when it determined that Jakubowicz' underinsured motorist vehicle claim against State Farm is not barred even though it was filed outside the policy's three-year limitations period for claims arising under the underinsured motorist coverage.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2007, Jakubowicz and Ronald Williams, Jr. (Williams) were involved in an automobile accident in Highland, Indiana, resulting in substantial injuries to Jakubowicz. At the time of the accident, Jakubowicz had an automobile insurance policy with State Farm, which included underinsured motorist coverage.

On October 7, 2008, Jakubowicz filed her Complaint against Williams. On April 6, 2009, State Farm also filed a Complaint against Williams, seeking

damages for payments under the medical payments provision and for property damages paid on behalf of Jakubowicz and arising from the automobile collision. On August 19, 2009, both causes were consolidated. On December 10, 2009, Jakubowicz notified State Farm's counsel that "please, consider this correspondence directed to your client, [State Farm] putting them on notice that it is likely that [Jakubowicz] will pursue underinsured motors claims [sic] in this case." (Appellant's App. p. 108).

[6] On March 31, 2011, Jakubowicz filed her motion for leave to amend the Complaint to add State Farm as a defendant in order to institute a claim against the underinsured motorist provision of the insurance policy. The trial court granted the motion on July 27, 2011[1]. Jakubowicz filed her Amended Complaint that same day.

[7] On September 11, 2013, State Farm filed its motion for summary judgment, as well as its designated evidence in support thereof, contending that it was entitled to summary judgment because Jakubowicz' Amended Complaint was filed after the expiration of the three-year contractual limitation period. Jakubowicz opposed State Farm's motion by filing a brief in opposition with

---

[1] State Farm asserts that the Amended Complaint was filed October 3, 2012. However, during a hearing on October 3, 2012, the trial court noted that the Amended Complaint had been previously sent in and included in the file. Accordingly, for purposes of this appeal, we will accept the file date of July 27, 2011, as stamped on Jakubowicz' Amended Complaint.

designation of evidence. On February 19, 2014, the trial court conducted a hearing on State Farm's motion, which was summarily denied on April 9, 2014.

[8] After an unsuccessful attempt at mediation, Jakubowicz and State Farm filed a joint belated motion to certify for interlocutory appeal, which was granted by the trial court on January 26, 2015. We accepted jurisdiction on March 27, 2015.

[9] In this interlocutory appeal, State Farm now challenges the trial court's denial of its motion for summary judgement. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[10] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[11] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*,

891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

[12] We observe that, in the present case, the trial court did not enter findings of fact and conclusions of law in support of its Judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its decision and facilitate appellate review. *Id.*

## II. *Analysis*

[13] State Farm contends that the trial court erred in denying its motion for summary judgment because Jakubowicz filed her claim for underinsured motor vehicle benefits outside the three-year contractual limitation of the policy. In general, "[i]nsurance policies are governed by the same rules of construction as

other contracts . . ." *Peabody Energy Corp. v. Roark*, 973 N.E.2d 636, 640 (Ind. Ct. App. 2012), *aff'd on reh'g*, 978 N.E.2d 503 (Ind. Ct. App. 2012), *trans. denied*. However, because of the disparity in bargaining power between insurance companies and insureds, courts have developed distinct rules for those contracts. *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind. 2006). When interpreting an insurance contract, "if an insurance contract is clear and unambiguous, the language therein must be given its plain and ordinary meaning." *Castillo v. Prudential Prop. & Cas. Ins. Co.*, 834 N.E.2d 204, 206 (Ind. Ct. App. 2005). The mere fact that a controversy exists and the insured asserts an interpretation contrary to that asserted by the insurer is insufficient to establish an ambiguity. *Shelter Ins. Co. v. Woolems*, 759 N.E.2d 1151, 1155 (Ind. Ct. App. 2001), *trans. denied*.

[14] "If an ambiguity exists, 'insurance policies are to be construed strictly against the insurer and the policy language is viewed from the standpoint of the insured.'" *Wert v. Meridian Sec. Ins. Co.*, 997 N.E.2d 1167, 1170 (Ind. Ct. App. 2013), *reh'g denied, trans. denied* (quoting *Shelter Ins. Co.,* 759 N.E.2d at 1155). This is especially important "where the language in question purports to exclude coverage." *State Auto Mut. Ins. Co. v. Flexdar, Inc.*, 964 N.E.2d 845, 848 (Ind. 2012), *reh'g denied.* We typically "accept an interpretation of the contract language that harmonizes the provisions rather than one which supports a conflicting version of the provisions." *Castillo*, 834 N.E.2d at 206 (citing *Burkett v. Am. Family Ins. Grp.*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000)). A court should construe the language of an insurance policy so as not to render any

words, phrases, or terms ineffective or meaningless. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1174 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*.

[15] Our supreme court has stated that contractual provisions that shorten the time to commence suit are enforceable "as long as a reasonable time is afforded, except where there is fraud, duress, and the like." *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). "[C]ontractual limitations shortening the time to commence suit are not favored" even though "they do 'protect insurers from policy holders who voice no claim until the year has long since expired, promote early notification while evidence is available, and provide carriers with a basis for forming business judgments concerning claim reserves and premium rates.'" *Id.* at 167 (quoting *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 414 (Ind. Ct. App. 1999)).

[16] Turning to State Farm's policy, the contested provisions read as follows:

**GENERAL TERMS**

. . .

**13. Legal Action Against Us**

Legal action may not be brought against us until there has been full compliance with all the provisions of the policy. In addition, legal action may only be brought against us regarding:

a. Liability and Coverage after the amount of damages an insured is legally liable to pay has been finally determined by:

   (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

   (2) agreement between the claimant and us.

. . .

c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage if the insured or that insured's legal representative within three years immediately following the date of the accident:

> (1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to us; and

> (2) files a lawsuit in accordance with **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against us relating to Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement and Deciding Fault and Amount**.

**Deciding Fault and Amount – Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage**

1. a. The insured and we must agree to the answers to the following two questions:

> (1) Is the insured legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle?

> (2) If the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle.

b. If there is no agreement on the answer to either question in 1.a above, then the insured shall:

> (1) File a lawsuit, in a state or federal court that has jurisdiction against:

> (a) Us;

> (b) The owner and driver of the uninsured motor vehicle or underinsured motor vehicle:

>> (i)　　Unless we have consented to settlement offer proposed by or on behalf of such owner or driver; or

> (ii)     Unless such owner or driver is unknown; and
>
> (c) Any other party or parties, who may be legally liable for the insured's damages;
>
> (2) Consent to a jury trial if requested by us;
>
> (3) Agree that we may contest the issues of liability and the amount of damages; and
>
> (4) Secure a judgment in that action.  The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

(Appellant's App. pp. 177-78; 159-60) (internal emphasis omitted).

[17]  Jakubowicz urged below, with apparent approval of the trial court, and here on appeal, that State Farm's policy provisions with respect to the contractual shortened limitation period are ambiguous and therefore invalid.  According to Jakubowicz, the provision requiring a lawsuit to be filed within three years contradicts the requirement that a lawsuit cannot be filed until all provisions have been complied with and the limits of the tortfeasor's insurance exhausted.  In general support of her allegation of ambiguity, Jakubowicz refers to *Wert v. Meridian Security Ins. Co.*, 997 N.E.2d 1167 (Ind. Ct. App. 2013), *reh'g denied, trans. denied*.

[18]  In *Wert*, the insureds similarly argued that the insurance policy was ambiguous because the two-year contractual limitation provision conflicted with policy language requiring full compliance with the policy terms before the insureds pursued an underinsured motor vehicle claim.  *Id.* at 1170.  The policy at issue in *Wert* explicitly stated that no legal action would be permitted against the insurance company unless the insureds fully complied with the policy terms.

*Id.* In addition, the *Wert* policy only allowed a lawsuit to be filed against the insurance company if it was filed within two years of the date of the accident. *Id.* at 1170-71. Importantly, the policy noted that Meridian Insurance would not pay underinsured motorist benefits to its policyholder until the claim was either resolved or settled with the underinsured motorist. *Id.* at 1171. The *Wert* court noted the conflict between the policy terms and stated:

> Meridian's policy prohibits the Werts from filing any lawsuit against it for an underinsured motorist claim until the limits of Offill's liability coverage have been exhausted. At the same time, Meridian attempts to prevent the Werts from filing more than two years after the date of the accident, potentially requiring them to file a lawsuit before they are in full compliance with the policy. Unless a policyholder settles with an underinsured motorist within two years of the collision, these provisions are in direct conflict and therefore ambiguous.

*Id. See also Clevenger v. Progressive Northwestern Ins. Co.*, 838 N.E.2d 1111, 1117-18 (Ind. Ct. App. 2005) (concluding that the insurance policy was ambiguous because the provision requiring the exhaustion of the tortfeasor's policy limits by payments of judgments or settlements conflicted with the provision contractually shortening the limitations period within which an insured could bring an action against Progressive for failing to pay underinsured motorist coverage).

[19] While Jakubowicz' coverage contains similar language, none of the language in State Farm's policy would support Jakubowicz' argument that she was required to wait before filing her claim against the underinsured motorist coverage until the limits of Williams' insurance had been exhausted. Even though State Farm's language parallels *Wert's* language in the existence of a shortened

limitation period of three years following the collision and the mandate that a lawsuit can only be brought after full compliance with the provision of the policy, State Farm's policy then subsequently carves out an exception for the underinsured motor vehicle claim. Specifically, the policy dictates that whereas Jakubowicz and State Farm must settle as to whether Jakubowicz is "legally entitled to recover compensatory damages" as well as their amount, the absence of this settlement—and full compliance with the terms—does not prevent the commencement of a lawsuit. Rather, the policy's provision expressly states that "[i]f there is no agreement," then Jakubowickz "shall file a lawsuit[.]" (Appellant's App. p. 159).

[20] Accordingly, unlike *Wert*, which included a categorical prohibition of legal action unless there was exhaustion of the limits of liability "by payments of judgments or settlements," State Farm's policy encourages a negotiation between the insurance company and Jakubowicz. *See Wert*, 997 N.E.2d at 1171. However, the absence of an agreement does not prevent Jakowicz from filing a lawsuit within three years following the automobile collision. Therefore, we cannot say that State Farm's policy was ambiguous.

[21] Here, the collision occurred on August 2, 2007 and thus, pursuant to the provisions of the policy, Jakubowicz had to present State Farm with an underinsured motor vehicle claim and file a lawsuit within three years, *i.e.*, by August 2, 2010. Jakubowicz filed her Amended Complaint on July 27, 2011, almost a full year outside the contractual limitation period. Even if we were to construe Jakubowicz' notification to State Farm on December 10, 2009 that a

claim was "likely" to be instituted, Jakubowicz would still not be in compliance with the provisions of the policy as these require both the notification of the claim and the lawsuit to be filed within the three-year contractual limitation period. Therefore, we reverse the trial court's denial of State Farm's motion for summary judgment and we remand with instruction to grant summary judgment to State Farm.

## CONCLUSION

Based on the foregoing, we conclude the trial court erred in denying State Farm's motion for summary judgment.

Reversed and remanded.

Brown, J. and Altice, J. concur