ATTORNEYS FOR APPELLANT

Timothy M. Swan
Jennifer E. Davis
Garan Lucow Miller, P.C.
Merrillville, Indiana

ATTORNEY FOR APPELLEE

April L. Edwards
Boonville, Indiana

ATTORNEYS FOR AMICUS CURIAE, THE INDIANA TRIAL
LAWYER'S ASSOCIATION

William E. Winingham
Jonathon B. Noyes
Willson Kehoe Winingham, LLC
Indianapolis, Indiana



FILED

Jul 26 2016, 11:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 45S05-1605-CT-00253

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

*Appellant (Defendant below),*

v.

CAROL JAKUBOWICZ, individually
And as Parent and Legal Guardian of JACOB
JAKUBOWICZ and JOSEPH JAKUBOWICZ,
minors,

*Appellees (Plaintiffs below).*

Appeal from the Lake Circuit Court, No. 45C01-0810-CT-00156
The Honorable George C. Paras, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A05-1502-CT-00078

**July 26, 2016**
**Corrected**

**David, Justice.**

This matter involves the interpretation of an automobile insurance policy in the context of a personal injury lawsuit involving an underinsured motorist (UIM) claim. The policy at issue requires that a UIM claim be brought within three (3) years of the accident and also requires that the insured fully comply with all provisions of the policy prior to bringing suit. One such provision is that State Farm will only pay if the underinsured motorist's insurance has been exhausted. Because the provision requiring an insured to bring suit within three (3) years is in direct conflict with the policy's exhaustion requirement, we hold that the policy is ambiguous and thus, must be construed in favor of the insured. Accordingly, we affirm the trial court's denial of State Farm's motion for summary judgment.

## Facts and Procedural History

On August 2, 2007, the Jakubowiczs (mother, Carol, and her two sons) were involved in a car accident with Ronald Williams that resulted in substantial injuries to the Jakubowiczs. The Jakubowiczs were insured by State Farm. On October 7, 2008, Carol Jakubowicz filed suit against Williams (on her behalf and on behalf of her sons). State Farm also filed a complaint against Williams seeking damages for medical and property damage payments it made as a result of the accident.

In December 2009, Jakubowicz put State Farm's counsel on notice that she would likely pursue an underinsured motorist (UIM) claim. However, it wasn't until March 2011, more than three (3) years after the accident, that Jakubowicz filed a motion for leave to amend her complaint and add a UIM claim against State Farm. In her motion for leave, Jakubowicz stated that she believed William's insurance policy would be insufficient to cover her damages. The trial court granted Jakubowicz's motion for leave to amend on July 27, 2011.

Thereafter, State Farm moved for summary judgment on the UIM claim arguing that it was barred because it was filed after the three (3) year limitation period set forth in Jakubowicz's insurance policy. Jakubowicz opposed State Farm's motion, and the trial court denied it. The Court of Appeals accepted State Farm's discretionary interlocutory appeal and reversed the trial court, concluding that Jakubowicz's insurance policy was unambiguous and further, that she failed

2

to comply with the policy's three (3) year limitation period for filing the UIM claim. State Farm Mut. Auto. Ins. Co. v. Jakubowicz, 45 N.E.3d 500, 506 (Ind. Ct. App. 2015), vacated. Jakubowicz sought transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. App. Rule 58(A).

## Standard of Review

Orders on summary judgment are reviewed de novo and require an appellate court to apply the same standard of review that is applied by the trial court. AM Gen. LLC v. Armour, 46 N.E.3d 436, 439 (Ind. 2015) (citations omitted.) That is, to be entitled to summary judgment, the movant must demonstrate that "the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. The burden then shifts to the nonmoving party who must demonstrate that there is a genuine issue of material fact. Id. All reasonable inferences are construed in favor of the nonmoving party. Id.

Additionally, "[a]n insurance policy is a contract, and as such is subject to the same rules of construction as other contracts." Dunn v. Meridian Mut. Ins. Co., 836 N.E.2d 249, 251 (Ind. 2005) (citations omitted). Interpretation of a contract is a pure question of law and thus, is reviewed de novo. Harrison v. Thomas, 761 N.E.2d 816, 818 (Ind. 2002).

## Discussion

At issue in this case is whether the State Farm policy language, with regard to the procedure for an insured to bring an underinsured motorist claim against State Farm, is ambiguous. Insurance policies with directly conflicting terms are ambiguous. Wert v. Meridian Sec. Ins. Company, 997 N.E.2d 1167, 1171 (Ind. Ct. App. 2013). Where there is ambiguity, insurance policies are construed strictly against the insurer, and the policy language is viewed from the standpoint of the insured. Allstate Ins. Co. v. Dana Corp., 759 N.E.2d 1049, 1056 (Ind. 2001). This is especially true where the language in question purports to exclude coverage. USA Life One Ins. Co. of Ind. v. Nuckolls, 682 N.E.2d 534, 538 (Ind. 1997). Insurers are free to limit the coverage of their policies, but such limitations must be clearly expressed to be enforceable. W. Bend Mut. v. Keaton, 755 N.E.2d 652, 654 (Ind. Ct. App. 2001), trans. denied." Where provisions limiting

coverage are not clearly and plainly expressed, the policy will be construed most favorably to the insured, to further the policy's basic purpose of indemnity." <u>Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co.</u>, 698 N.E.2d 770, 773 (Ind. 1998). Furthermore, when construing the language of an insurance policy, a court "should construe the language of an insurance policy so as not to render any words, phrases or terms ineffective or meaningless." <u>Wert,</u> 997 N.E.2d at 1170 (citation omitted).

Here, the policy provides, in relevant part:

**Deciding Fault and Amount—. . . [UIM] Vehicle Coverage**
1. a. The insured and we must agree to the answers to the following two questions:
(1) Is the insured legally entitled to recover compensatory damages from the owner or driver of the [UIM] vehicle?
(2) If the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the . . . [UIM] vehicle?
b. If there is no agreement on the answer to either question in 1.a above, then the insured shall:
(1) file a lawsuit, in a state or federal court that has jurisdiction against:
(a) us;
(b) the owner and driver of the . . . [UIM] vehicle:
(i) unless we have consented to a settlement offer proposed by or on behalf of such owner or driver; or
(ii) unless such owner or driver is unknown; and
(c) any other party or parties, who may be legally liable for the insured's damages;
(2) consent to a jury trial if requested by us;
(3) agree that we may contest the issues of liability and the amount of damages; and
(4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

＊ ＊ ＊ ＊

**13. Legal Action Against Us**
Legal action may not be brought against us until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against us regarding: . . .

c. . . . [UIM] Vehicle Coverage if the insured or that insured's legal representative within three years immediately following the date of the accident:

(1) presents . . . an . . . [UIM] Vehicle Coverage claim to us; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against us relating to . . . [UIM] Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement and Deciding Fault and Amount.**

(Appellant's App. at 159–60, 177–78) (some internal emphasis omitted).

The policy also provides:

**[UIM] Vehicle Coverage**
We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an [UIM] vehicle. The bodily injury must be:
  a. sustained by an Insured, and
  b. caused by an accident that involves the operation, maintenance, or use of an [UIM] vehicle as a motor vehicle.
We will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the insured's bodily injury have been used up by payment of judgments or settlements, or have been offered to the insured in writing.

(Appellant's App. at 159.)

State Farm sought summary judgment because Jakubowicz filed her UIM claim against State Farm outside of the three (3) year limitation period provided in the policy. The policy provides that a UIM claim against State Farm "may only be brought. . . within three years immediately following the date of the accident." (Appellant's App. at 177.) However, Jakubowicz argues the policy language is ambiguous, and as such, the limitation provision is unenforceable, because on one hand, the policy prohibits insureds from filing suit more than three (3) years after the date of the accident, and on the other, it requires that legal action may not be brought until there has been "full compliance with all the provisions of this policy." (Id.) One such provision provides that: "We will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the insured's bodily

injury have been used up by payment of judgments or settlements, or have been offered to the insured in writing." (Appellant's App. at 159.) Jakubowicz argues that this amounts to an exhaustion requirement and as such, the policy language potentially requires insureds to file suit before they are in full compliance with the policy.[1] Thus, as Amicus, the Indiana Trial Lawyer's Association, observed: "[i]nsureds are simultaneously told that they must file a lawsuit and cannot file a lawsuit." (Amicus Brief at 8.)

Jakubowicz also argues that the exhaustion requirement in this case is substantially similar to the one in Wert. 997 N.E.2d at 1170-1171. In Wert, the Court of Appeals held that a Meridian insurance policy, which contained a two (2) year limitations period for pursuing an underinsured motorist claim, was ambiguous as to whether the insureds were required to first pursue a claim to recover the limits of the tortfeasor's liability coverage prior to filing suit against their own insurer (Meridian). Id. at 1171. Specifically, in addition to the two (2) year limitations period, the Wert policy provided: "No legal action may be brought against us until there has been full compliance with the terms of the policy." Wert, 997 N.E.2d at 1170. It also provided: "We will pay damages under this coverage . . .only if [the tortfeasor's limits are exhausted.] Id. at 1171. The Wert panel found that because the exhaustion requirement was in direct conflict with the two (2) years limitations period, the policy was ambiguous. Id.

Here, the trial court denied State Farm's motion for summary judgment and seemingly agreed with Jakubowicz that the policy contained conflicting provisions, as it advised State Farm:

---

[1] Jakubowicz also argues that holding that attorneys are required to file suit prior to expiration of the limitations period, but before they know if there is a UIM claim, would potentially cause attorneys to choose between Indiana Rule of Professional Conduct 3.1 and protecting their client's interests. Indiana Rule of Professional Conduct 3.1 provides in relevant part:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

Because we hold that the policy language at issue is ambiguous, we need not address Jakubowicz's argument in this regard.

> [Y]ou could have easily just written the policy to say if there's an uninsured or [UIM] claim arising out of any incident, you must bring a cause of action against us in three years, period. End of story. Doesn't have to say anything else but that. But, you chose to add all these other conditions and limiting factors.

(Tr. at 35.)

However, the Court of Appeals reversed the trial court, distinguishing Wert from the present matter. It compared the policies and stated that "none of the language in State Farm's policy would support Jakubowicz's argument that she was required to wait before filing her claim against the underinsured motorist coverage until the limits of Williams' insurance had been exhausted." Jakubowicz, 45 N.E.3d at 505. It reasoned that the State Farm policy carves out an "exception" for a UIM claim. That is, while the State Farm policy requires Jakubowicz to attempt to settle (with State Farm) as to whether Jakubowicz is entitled to recover damages from the allegedly underinsured tortfeasor (here, Williams), this requirement does not prevent Jakubowicz from filing a lawsuit within the three (3) years. Instead, it provides that if Jakubowicz disagrees with State Farm about whether there is a UIM claim and the amount of such claim, then she "shall file a lawsuit[.]" Id.

It is true that the State Farm policy contains a provision allowing for the parties to reach an agreement prior to filing suit and setting forth the procedure for filing suit, if necessary, that may not have been part of the policy in Wert. It is also true that this provision of the State Farm policy provides that the insured "shall" file suit if an agreement can be reached. However, it is unclear how the provision setting forth a procedure for attempting to resolve a UIM claim prior to filing suit creates a meaningful distinction between the two policies such that Jakubowicz would not be entitled to the same finding that the policy is ambiguous as in Wert. Indeed, the two policies are substantially similar. Both policies contain a limitations period for when the insured may bring a UIM claim. Both policies also contain provisions requiring full compliance with the policy and exhaustion of the tortfeasor's insurance prior to the insurer paying UIM damages. The language in the State Farm policy that the insured "shall" file suit is in direct conflict with other provisions of the policy that provide that the insured may not recover from State Farm until the insured is in

7

full compliance with all policy provisions which includes exhaustion of the tortfeasor's policy limits.

State Farm argues that the exhaustion provision does not impact whether and when a suit is filed, but only when an insured will be paid. Thus, it argues Jakubowicz could have filed suit prior to the three (3) year limitations period. However, this argument fails because the Wert policy also contains language that the insurer "will pay. . . only if" and yet, the Wert panel still found the policy to be ambiguous. Wert 997 N.E.2d at 1171. Further, under the terms of the State Farm policy, if the parties cannot agree, the only way for an insured to get paid is to file suit. Thus, payment is not as separate from filing suit as State Farm argues.

State Farm also attempts to circumvent the exhaustion requirement by arguing that "full compliance" does not include exhaustion because the insured has no control over what the underinsured motorist will do or when the underinsured will exhaust their limits. (Response to Petition to Transfer at 4.) Thus, State Farm argues that an insured can be in full compliance with the policy provisions prior to the underinsured motorist's insurance being exhausted. However, this reading of the policy language is a stretch. The policy makes no exception or carve-outs that allow for an insured to not exhaust the underinsured's policy limits before filing suit. Instead, the language is unequivocal that State Farm will "pay only if" the tortfeasor's policy limits are exhausted. (Appellant's App. at 159.) This exhaustion requirement is in direct conflict with the requirement that Jakubowicz bring suit within three (3) years.

**Conclusion**

Jakubowicz's State Farm policy is substantially similar to the policy in Wert. Like the policy in Wert, Jakubowicz's policy is ambiguous to extent that it contains conflicting provisions. As the trial court observed, the policy could have just stated that suit must be brought within three (3) years. The policy also could have called for exhaustion of the policy limits prior to filing a UIM claim against State Farm without a limitation on the time to do so. Instead, the policy contained a limitation period as well as additional conditions. Those conditions- that "[l]egal action may not be brought against us until there has been full compliance with all the provisions

8

of this policy" and "[w]e will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the insured's bodily injury have been used up by payment of judgments or settlements, or have been offered to the insured in writing" conflict with the three (3) year limitation period. (Appellant's App. at 177, 159.)

As State Farm observed, the insured has no control over whether or when the tortfeasor offers policy limits. Thus, there are situations, like in this case, where the insured cannot both exhaust the tortfeasor's policy limits and file a UIM suit within the three (3) year limitation period. Ambiguous insurance policies are construed against the insurer. Accordingly, we affirm the trial court's denial of State Farm's motion for summary judgment and remand the matter for further proceedings consistent with this opinion.

Rush, C.J., Rucker, Massa and Slaughter, J.J., concur.