NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0323n.06

Case No. 22-3721

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JAMES RIVER CASUALTY COMPANY,

    Plaintiff - Appellee,

v.

UNICONTROL, INC.,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)

**FILED**
Jul 14, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O P I N I O N

Before: BOGGS, GIBBONS, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Plaintiff James River Casualty Company insured Defendant UniControl from 2015 to 2020. In 2020, UniControl was sued based on allegations that UniControl's predecessors caused property damage to soil and groundwater surrounding a company facility in Michigan City, Indiana. UniControl asked James River to defend it in that lawsuit. But James River denied that it had a duty to defend or indemnify UniControl and sought a declaratory judgment stating the same. UniControl counterclaimed, arguing that James River's denial of coverage constituted a breach of contract. The district court granted summary judgment in James River's favor, finding coverage for the underlying lawsuit "expressly and unambiguously excluded." We agree and affirm.

# I. BACKGROUND

## A. Factual Background

UniControl purchased a general commercial liability insurance policy from James River that commenced coverage in June 2015. The policy was reissued four times (collectively, the "Policies"), with the last coverage period ending in June 2020.

The Policies each contain an identical "Insuring Agreement Provision," which states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

R. 1-1, PageID #25. This provision can be found in a section labeled "Coverage A Bodily Injury and Property Damage Liability" ("Coverage Part A"). *Id.*

The Policies also contain a "Claims in Progress Exclusion," which modifies Coverage Part A. This exclusion states:

> a. This Coverage Part does not apply to "bodily injury", "property damage", or "personal and advertising injury" *which begins or takes place before the inception date of coverage*, whether such "bodily injury", "property damage", or "personal and advertising injury" is known to an "insured", even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury", "property damage" or "personal and advertising injury" may be or may involve a continuous or repeated exposure to substantially the same general harm.
>
> b. All "property damage" to units of or within a single project or development, and arising from the same general type of harm, shall be deemed to occur at the time of damage to the first such unit, even though the existence, nature and extent of such damage or injury may change and even though the "occurrence" causing such "property damage" may be or involve a continuous or repeated exposure to substantially the same general harm which also continues or takes place (in the case of repeated exposure to substantially the same general harm) during the policy term.

*Id.* at PageID #103 (emphasis added). The Policies define "property damage," in relevant part, as "[p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it." *Id.* at PageID #39. The Policies also contain a pollution exclusion, which states that "[p]ollution/environmental impairment/contamination is not covered under this policy." *Id.* at PageID #100.

In February 2020, Michigan City, Indiana, along with the Michigan City Redevelopment Commission (the "Underlying Plaintiffs"), filed suit in Indiana against UniControl and UniControl's alleged predecessors in interest, alleging that the predecessors in interest operated a manufacturing facility on a parcel of land in Michigan City (the "Property") between 1918 and 1971 that contaminated the surrounding soil and groundwater. The Underlying Plaintiffs allegedly attempted to remediate the contamination beginning in 2010. They allege that contamination remained present in the surrounding soil and groundwater as of the time of filing (February 28, 2020)—thus, damage is alleged to have begun no later than 1971 and to have continued until at least February 28, 2020. The Underlying Plaintiffs argue that UniControl is liable for this contamination as a successor in interest to the original facility operators.

Following the commencement of the underlying lawsuit, UniControl submitted a coverage claim to James River, asking James River to defend UniControl in the lawsuit. On or about April 28, 2020, James River sent an Acknowledgment of Claim and Denial of Coverage letter to UniControl, denying the request and stating that the lawsuit was excluded from coverage under the Policies.

## B. Procedural Background

James River then initiated this action against UniControl on January 22, 2021, in the United States District Court for the Northern District of Ohio. James River sought only a declaratory

judgment that it does not have a duty under the Policies to defend or indemnify UniControl in the underlying lawsuit. UniControl counterclaimed for breach of contract. Both parties subsequently filed a motion for summary judgment on the other's claims and filed a joint stipulation of fact. The district court requested and received supplemental briefing from the parties on the issue of whether subsection (b) of the Claims in Progress Exclusion exempts James River from indemnifying and defending UniControl in the underlying lawsuit.

The district court granted James River's motion for summary judgment and denied UniControl's motion for summary judgment. *James River Cas. Co. v. Unicontrol, Inc.*, No. 1:21-cv-185, 2022 U.S. Dist. LEXIS 131857, at \*22 (N.D. Ohio 2022). The court found that subsection (a) of the Claims in Progress Exclusion unambiguously excluded coverage for the underlying lawsuit, because the alleged property damage began prior to the effective coverage date of the first policy. The court rejected UniControl's argument that James River had a duty to defend UniControl in the underlying lawsuit even if James River did not have a duty to indemnify, stating that subsection (a) limits Coverage Part A, which explicitly includes the duty to defend. The court noted that the parties agreed that subsection (b) did not affect the meaning of subsection (a), and declined to determine whether subsection (b) would also independently exclude the underlying lawsuit from coverage. The court declined to address the applicability of the pollution exclusion, finding it unnecessary to decide the issue. UniControl timely appealed.

## II. ANALYSIS

### A. Interpretation of the Contract

We review de novo a district court's summary judgment decision on a breach-of-contract claim. *Pedicini v. Life Ins. Co. of Ala.*, 682 F.3d 522, 526 (6th Cir. 2012). "In a diversity action involving an insurance contract, a federal court applies the substantive law of the forum state."

*Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 68 (1938)); *Equitable Life Assurance Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998)). Here, the parties agree that *either* Ohio or Indiana law governs the contract, which lacks a choice-of-law provision. The relevant law in both states leads to the same result, so we need not resolve which state's law governs here. *See In re Dow Corning Corp.*, 778 F.3d 545, 555 (6th Cir. 2015) (Sutton, J., dissenting) ("The first imperative of a conflict-of-laws problem is: a conflict. When all roads lead to the same result, there is no conflict to resolve." (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008))).

"The interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally." *Equity Diamond Brokers, Inc. v. Transnat'l Ins. Co.*, 785 N.E.2d 816, 819 (Ohio Ct. App. 2003) (citation omitted); *State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016). As such, when the "policy language is clear and unambiguous . . . it should be given its plain and ordinary meaning." *Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co.*, 698 N.E.2d 770, 773 (Ind. 1998) (citation omitted); *see also Equity Diamond Brokers*, 785 N.E.2d at 819. Policies are ambiguous only if they are "susceptible to more than one reasonable interpretation"; ambiguity cannot "arise from mere disagreement over a policy term's meaning—that is, where 'one party asserts an interpretation contrary to that asserted by the opposing party.'" *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625, 630 (Ind. 2018) (emphasis omitted) (quoting *Wagner v. Yates*, 912 N.E.2d 805, 810 (Ind. 2009)); *see also Sauer v. Crews*, 18 N.E.3d 410, 413 (Ohio 2014). Whether the contract is ambiguous is the critical question, because, in both states, "[a]mbiguous provisions

in insurance policies are construed in favor of the insured." *Meridian Mut. Ins. Co.*, 698 N.E.2d at 773; *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1384 (Ohio 1988).

James River asserts that subsection (a)'s limitation on coverage is clear: any property damage that began prior to the commencement of the coverage period is excluded from coverage. UniControl argues that subsection (a)'s meaning is not clear, and asserts that its own interpretation—that subsection (a) "limit[s] indemnity coverage to the portion of the long-tail property damage that takes place during the James River policy periods"—is reasonable and thus must be accepted. Appellant's Br. at 4, 13. The district court agreed with James River, finding that "Subsection (a)'s text is clear: James River does not have to indemnify or defend UniControl in lawsuits related to property damage that began to occur before 2015, even if damage continues into the Policies' coverage periods." *James River*, 2022 U.S. Dist. LEXIS 131857, at *14.

Subsection (a) explicitly states that coverage does not extend to property damage that "*begins* or takes place before the inception date of coverage." R. 1-1, PageID #103 (emphasis added). It goes on to state that such property damage is excluded "even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving." *Id.* The ordinary meaning of this language is that any property damage which takes place before or begins before the inception date of coverage is excluded. UniControl admits that the alleged property damage in question is continuous and *began* long before the coverage period commenced. *See* Appellant's Br. at 10 ("The contamination (that is, the property damage) at issue in the underlying suit allegedly *began* between 1918 and 1976, and was *ongoing* at least through the filing of the underlying suit in February 2020." (emphases added)). The property damage, and the underlying lawsuit, is thus clearly excluded under subsection (a). *See Atl. Cas. Ins. Co. v. Garcia*, 878 F.3d 566, 568 (7th Cir. 2017) (finding the

exclusion of coverage for a claim for property damage that (a) first occurred before the policy's inception date, or (b) is or is alleged to be in the process of occurring as of the policy's inception date unambiguously barred coverage when damages began before the policy's inception); *cf. Kirk v. Provident Life & Accident Ins. Co.*, 942 F.2d 504, 505–06 (8th Cir. 1991) (finding that an insurance provision stating "[n]o benefits [were] payable for expenses due to any Injury or Illness beginning before the effective date of the coverage" excluded coverage for medical condition which began prior to the effective date (alterations in original)). Because "reasonably intelligent policyholders could not legitimately disagree as to what the policy language means, we deem the term unambiguous and apply its plain ordinary meaning." *Erie Indem. Co.*, 99 N.E.3d at 630; *see also Cadle v. D'Amico*, 66 N.E.3d 1184, 1188 (Ohio Ct. App. 2016) (explaining that a contract is ambiguous if "reasonable minds could disagree as to its meaning" (citation omitted)).

UniControl's contrary interpretation—that subsection (a) limits coverage to the portion of the property damage that takes place during the policy periods and does not limit coverage for any portions of damage that occur during the coverage period, even if that damage began before the period—is unreasonable: it fails to account for the "begins" clause in subsection (a). UniControl treats "begins or takes place" as a single descriptor with only one combined meaning, despite there being two descriptors connected by an "or." *See Pizza v. Sunset Fireworks Co.*, 494 N.E.2d 1115, 1118 (Ohio 1986) (defining the word "or" as "a function word indicating an alternative between different or unlike things"); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 821 (6th Cir. 1999) (citing Ohio law for the proposition that "'or' is generally considered a 'disjunctive' term which provides alternatives"); *Bourbon Mini-Mart, Inc. v. Comm'r, Ind. Dep't of Env't Mgmt.*, 806 N.E.2d 14, 20 (Ind. Ct. App. 2004) ("'Or' is defined as 'a function word to indicate an alternative, the equivalent or substitutive character of two words or phrases, or approximation or uncertainty.'"

(quoting *Or*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/or));
Antonin Scalia & Bryan A. Garner, *Reading Law* § 12 (2012) ("Under the conjunctive/disjunctive
canon, *and* combines items while *or* creates alternatives. Competent users of the language rarely
hesitate over their meaning."). UniControl's interpretation of the language renders the "begins"
clause entirely meaningless. If subsection (a) excludes only property damage which takes place
before the coverage date, it need only say that. But it explicitly excludes damage which *begins*
before the coverage date. UniControl has provided no interpretation of subsection (a) that gives
meaning to the "begins" clause separate from the "takes place" clause. The fact that UniControl's
interpretation renders a clause meaningless further weakens UniControl's position that its
interpretation is reasonable. *See Ryan v. TCI Architects/ Eng'rs/ Contractors, Inc.*, 72 N.E.3d 908,
914 (Ind. 2017) ("A contract should be construed so as to not render any words, phrases, or terms
ineffective or meaningless."); *Wohl v. Swinney*, 888 N.E.2d 1062, 1066 (Ohio 2008) ("When
interpreting a contract, we will presume that words are used for a specific purpose and will avoid
interpretations that render portions meaningless or unnecessary.").

Where a contract is unambiguous, "a court cannot create ambiguity." *Lager v. Miller-
Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008); *see also Erie Indem. Co*, 99 N.E.3d at 630 ("[P]arties
to an insurance contract may not invite judicial construction by creating ambiguity."). The Policies
unambiguously preclude coverage in this case.

## B. Duty to Defend

UniControl also argues that James River has a duty to defend UniControl in the underlying
lawsuit even if its indemnity obligations are limited (or nonexistent). Coverage Part A explicitly
creates the duty to defend, but also states that James River "will have no duty to defend the insured
against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance

does not apply." R. 1-1, PageID #25. Subsection (a) explicitly limits the coverage in Coverage Part A. Any limitation on coverage within subsection (a) therefore extends to the duty to defend along with the duty to indemnify. *Cf. Acuity v. Masters Pharm., Inc.*, 205 N.E.3d 460, 465 (Ohio 2022) ("[A]n insurer need not defend an action when all the claims are clearly and indisputably outside the policy coverage."); *City of Gary v. Auto-Owners Ins. Co.*, 116 N.E.3d 1116, 1121 (Ind. Ct. App. 2018) (finding no duty to defend "if there is no possible factual or legal basis on which the insurer might be obligated to indemnify" (citation omitted)).

As the Policies unambiguously exclude coverage for the underlying lawsuit, James River has no duty to defend UniControl in the underlying lawsuit.

### C. The District Court's Alleged Error

Finally, UniControl argues that the district court erred in stating: "This case hinges on whether the terms of insurance policies that UniControl purchased from James River—the first period of coverage commencing in June 2015—require James River to defend and indemnify UniControl for property damage *that occurred between 1918 and 1971*." Appellant's Br. at 52 (quoting *James River*, 2022 U.S. Dist. LEXIS 131857, at *2). UniControl argues that this statement is factually incorrect as the property damage is alleged to have continued at least until the date the underlying lawsuit was filed (February 28, 2020). UniControl goes on to state that "the possibility that [this error] might have influenced the district court's decision further undermines the district court's order." *Id.* at 53.

Beyond the cited introductory sentence, the district court never explicitly found that no property damage occurred after 1971. More importantly, the allegedly incorrect statement played no role in the district court's overall conclusions. The court did not base its decision on a factual finding that the damage stopped before the coverage period began; rather, the court specifically

found that "James River does not have to indemnify or defend UniControl in lawsuits related to property damage that began to occur before 2015, *even if damage continues into the Policies' coverage periods*." *James River*, 2022 U.S. Dist. LEXIS 131857, at \*14 (emphasis added). And UniControl makes no argument of prejudice—indeed, UniControl admits that "it is difficult to ascertain the extent, if any, that this factual error had on the district court's application of the exclusion to the facts at issue." Appellant's Br. at 53. Any error was harmless. *Cf. Kitchen v. BASF*, 952 F.3d 247, 255 (5th Cir. 2020) (noting that even if certain evidence should not have been admitted, it would be harmless error as the district court did not rely on the evidence in dismissing the case).

### III.  CONCLUSION

Because the Policies unambiguously exclude coverage for the underlying suit, we AFFIRM the judgment of the district court.