## IN THE
# Court of Appeals of Indiana





FILED

Jul 10 2024, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

### Wade Wiley,

*Appellant-Defendant*

v.

### United Farm Family Mutual Insurance Company,

*Appellee-Plaintiff*

---

July 10, 2024

Court of Appeals Case No.
24A-PL-76

Appeal from the Hancock Superior Court

The Honorable D.J. Davis, Judge

Trial Court Cause No.
30D01-2303-PL-510

---

**Opinion by Judge Brown**
Judges May and Pyle concur.

**Brown, Judge.**

[1] Wade Wiley appeals from the entry of summary judgment in favor of United Farm Family Mutual Insurance Company ("United Farm") in this declaratory judgment action regarding coverage. We affirm.

**Facts and Procedural History**

[2] On September 13, 2021, Jonathan Howard was driving a 2017 Honda Civic owned by Amy Smith when he was involved in an accident with Wiley. Smith had given Howard permission to use her vehicle, but Howard did not have a valid driver's license at the time of the accident.

[3] On January 11, 2022, Wiley filed a complaint against Howard under cause number 30C01-2201-PL-32 ("Cause No. 32") seeking damages resulting from the accident.[1] In a letter addressed to Howard titled "Declination of Coverage" and dated March 29, 2022, United Farm stated that it had considered a claim under an automobile policy issued to Smith (the "Policy"), that "[a]lthough you were given permission to use Amy Smith's vehicle, our investigation indicates that you did not have a valid driver license on the date in question," and that "[o]ur insurance policy has Exclusions (A.8.), which bars any potentional [sic] coverage for someone who does not have reasonable belief that they are entitled to drive the car." Appellee's Appendix Volume II at 92. On November 14,

---

[1] The complaint alleged that the accident occurred on U.S. 40, a public highway.

2022, the court entered judgment in favor of Wiley and against Howard in Cause No. 32 in the amount of $250,000. In February 2023, Wiley filed a motion for proceeding supplemental stating that he believed United Farm insured the car which Howard was driving and that it was obligated to indemnify Howard to the extent of the judgment.

[4] On March 23, 2023, United Farm filed a Complaint for Declaratory Judgment under cause number 30D01-2303-PL-510 ("Cause No. 510"), the cause from which this appeal arises. United Farm alleged that, on the date of the accident, the Policy in effect contained a provision which "exclude[d] any liability coverage for Howard for the lawsuit because Howard did not have a reasonable belief that he was entitled to drive the Smith vehicle at the time of the accident." Appellant's Appendix Volume II at 62. It also alleged that Howard did not promptly send copies of the lawsuit to it and it was prejudiced as a result. United Farm requested the court to enter judgment declaring that it did not have a duty to indemnify Howard for any settlements or judgments that may be obtained by Wiley.

[5] Wiley filed a motion for summary judgment requesting an order that United Farm was obligated to compensate him for the injuries he sustained in the collision with Howard. In an affidavit, Howard stated, "[b]ased upon the permission I was given, I believed that I was entitled to use the Honda Civic I was driving on September 13, 2021." *Id*. at 94.

United Farm filed a response and cross-motion for summary judgment. It maintained that Howard did not have a valid driver's license at the time of the accident and knew that he did not have a valid driver's license.[2] United Farm pointed to the following exclusion (the "Exclusion") contained in the Policy:

## EXCLUSIONS

A.    We do not provide Liability Coverage for any "insured":

\* \* \* \* \*

8.    Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "family member" using "your covered auto" which is owned by you.

Appellee's Appendix Volume II at 19-20. United Farm argued that it was undisputed that Howard did not have a driver's license at the time of the accident and that the Exclusion was applicable pursuant to *Smith v. Cincinnati Ins. Co.*, 790 N.E.2d 460 (Ind. 2003), and *Mroz v. Ind. Ins. Co.*, 796 N.E.2d 830

---

[2] On appeal, United Farm argues that Howard knew that he did not have a valid driver's license at the time of the accident. In its brief in support of its motion for summary judgment and in support of its assertion that Howard knew that he did not have a valid driver's license, United Farm included the following: "(See Exhibit B, #2-3) (Howard failed to respond to the Requests for Admission, and thus, they are deemed admitted by operation of law.)" Appellee's Appendix Volume II at 103. Paragraph 3 of the requests for admissions stated: "Admit that you knew you did not have a valid driver's license at the time of the accident that is the subject of the lawsuit." *Id*. at 116. Ind. Trial Rule 36 provides "[a] party may serve upon any other party a written request for the admission" and "[t]he matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Wiley, on appeal, does not challenge United Farm's assertion that Howard knew that he did not have a valid driver's license.

(Ind. Ct. App. 2003). It also argued that it did not receive notice of the lawsuit in Cause No. 32 until after the judgment was already entered against Howard and Howard did not comply with the notice provision in the Policy.

[7] After a hearing, the court issued an order granting United Farm's motion and denying Wiley's motion.

## Discussion

[8] Wiley asserts that the trial court erred in entering summary judgment in favor of United Farm and that the factors discussed in *Smith v. Cincinnati Ins. Co.* support the conclusion that Howard's belief that he was entitled to use Smith's car at the time of the accident was reasonable. United Farm maintains the court correctly found the Exclusion was applicable and has been applied in factually similar cases.

[9] Orders on summary judgment are reviewed de novo and require an appellate court to apply the same standard of review that is applied by the trial court. *State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016). To be entitled to summary judgment, the movant must demonstrate that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The burden then shifts to the nonmoving party who must demonstrate that there is a genuine issue of material fact. *Id.* An insurance policy is a contract and subject to the same rules of construction as other contracts. *Id.* Parties filing cross-motions for summary judgment neither alters this standard nor changes our analysis. *Erie*

*Indem. Co. for Subscribers at Erie Ins. Exch. v. Est. of Harris*, 99 N.E.3d 625, 629 (Ind. 2018), *reh'g denied*. Matters involving disputed insurance policy terms present legal questions and are particularly apt for summary judgment. *Id.*

[10] The Exclusion contained in United Farm's Policy provided, "[w]e do not provide Liability Coverage for any 'insured' . . . [u]sing a vehicle without a reasonable belief that that 'insured' is entitled to do so." Appellee's Appendix Volume II at 19-20. The Indiana Supreme Court and this Court have considered similar exclusionary policy provisions. *See Smith v. Cincinnati Ins. Co.*, 790 N.E.2d 460 (Ind. 2003); and *Mroz v. Indiana Ins. Co.*, 796 N.E.2d 830 (Ind. Ct. App. 2003).

[11] In *Smith v. Cincinnati Ins. Co.*, eighteen-year-old Natalie Deem owned a car insured by Cincinnati Insurance Company ("CI"). 790 N.E.2d at 460. While out one evening with fifteen-year-old Courtney Smith, Deem became intoxicated and wanted to go home. *Id.* Smith claimed Deem gave her permission to drive Deem's car. *Id.* Deem did not remember. *Id.* Smith possessed only a learner's permit and could lawfully drive only when accompanied by a guardian or relative holding a valid operator's license. *Id.* Smith ran off the roadway, and Smith and Deem were injured. *Id.* at 460-461. Deem filed a complaint for damages against Smith, and in turn Smith filed a declaratory judgment action against CI to determine whether coverage existed. *Id.* at 461. The trial court determined that Smith was not covered under Deem's insurance policy, and this Court affirmed. *Id.*

[12]    The Indiana Supreme Court held:

> The policy provision at issue in this case excludes coverage for any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." Entering judgment in favor of [CI] the trial court concluded, essentially on two grounds, that Smith could not reasonably have believed she had permission to drive Deem's car: (1) Smith was not legally entitled to drive; and (2) Deem was too intoxicated to give consent.
>
> Affirming the trial court, the Court of Appeals focused on the policy language "entitled" and adopted a five part test to determine whether a driver has a reasonable belief that she is entitled to drive another person's car: (1) whether the driver has the express permission to use the vehicle; (2) whether the driver's use of the vehicle exceeded the permission granted; (3) whether the driver was legally entitled to drive under the laws of the applicable state; (4) whether the driver had any ownership or possessory right to the vehicle; and (5) whether there was some form of relationship between the driver and the insured, or one authorized to act on behalf of the insured, that would have caused the driver to believe that she was entitled to drive. *Smith* [*v. Cincinnati Ins. Co.*], 769 N.E.2d [599,] 603 [(Ind. Ct. App. 2002)] (citing *Omaha Prop. & Cas. Ins. Co. v. Peterson,* 865 S.W.2d 789, 791 (Mo. Ct. App. 1993)). Noting that the trial court's findings of fact employed the foregoing criteria, the Court of Appeals agreed with the trial court's conclusion that "Smith's belief that she was entitled to drive Deem's car was not reasonable." *Id.* at 604. We agree with our colleagues.

*Id.* (citation to record omitted). The Court disagreed with the trial court to the extent it found that Deem was too intoxicated to give consent to Smith to drive her car and stated "the fact that a would-be driver is extremely intoxicated has no bearing on whether she can nonetheless give her permission for a sober designated driver to drive her car." *Id.* at 462. Nonetheless, "[b]ecause Smith

was not legally entitled to drive," the Court concluded that she did not have a reasonable belief that she was entitled to operate Deem's car and that the accident was excluded from coverage under the policy. *Id.*

[13] In *Mroz v. Ind. Ins. Co.*, Indiana Insurance Company ("IIC") issued an automobile insurance policy to Michael Heiden. 796 N.E.2d at 831. Michael allowed his seventeen-year-old son, James, to drive his van. *Id.* In March 2000, James's driver's license was suspended. *Id.* Although Michael knew that James's driver's license was suspended, he continued to allow James to drive to and from school and for errands at times; however, except for trips to school or work, James was required to obtain permission every time he used the van. *Id.* In April 2000, Michael gave a family friend permission to use the van to take James bowling, and Michael told James that he did not have permission to drive the van that evening. *Id.* An altercation occurred in the parking lot of the bowling alley, James thought a man was going to try to stab him through the window of the van, and he "jumped into the driver's seat and began driving away to escape the man with the knife," lost control of the van, and struck Mroz, a pedestrian. *Id.* at 831-832. IIC filed a complaint for declaratory judgment seeking a declaration that James was not covered by Michael's IIC automobile policy when James struck Mroz. *Id.* at 832. The trial court entered summary judgment in favor of IIC. *Id.*

[14] On appeal, this Court noted the policy excluded coverage for any "insured" while "[u]sing a vehicle without a reasonable belief that that 'insured' is entitled to do so." *Id.* Mroz argued that, from the course of conduct of the parties,

James had a reasonable belief that he was entitled to drive the van under the circumstances. *Id*. This Court held:

> In *Smith* [], our supreme court implicitly approved a five-part test for determining the applicability of a coverage exclusion with terms nearly identical to those in the present case. The court noted: "[t]he policy provision at issue in this case excludes coverage for any person '[u]sing a vehicle without a reasonable belief that that person is entitled to do so.'" [790 N.E.2d at 461.] Our supreme court in *Smith* vacated this court's decision and disagreed with an inference regarding an intoxicated person's ability to give permission for another to drive. Such is not applicable to the circumstances herein. Although the supreme court vacated this court's decision, it reiterated the five-part test "to determine whether a driver has a reasonable belief that she is entitled to drive another person's car":
>
> > (1) whether the driver has the express permission to use the vehicle; (2) whether the driver's use of the vehicle exceeded the permission granted; (3) whether the driver was legally entitled to drive under the laws of the applicable state; (4) whether the driver had any ownership or possessory right to the vehicle; and (5) whether there was some form of relationship between the driver and the insured, or one authorized to act on behalf of the insured, that would have caused the driver to believe that she was entitled to drive.
>
> *Id*. . . . . The supreme court held that the driver in *Smith* "was not legally entitled to drive" and affirmed the trial court's judgment that determined that the driver was not covered under the intoxicated friend's insurance policy. *Id.* at 462.
>
> The insurance policy provision at issue here is nearly identical to that in *Smith*. Similar to the circumstances regarding the driver in *Smith,* James' driver's license had been lawfully suspended, and, therefore, he did not hold a valid driver's license at the time he drove Michael's van on April 8, 2000. Thus, pursuant to the third factor set out above, James could not have reasonably believed that

he was entitled to drive under the laws of the State of Indiana. Such a determination is dictated by the undisputed facts in this case.

While the above is dispositive, we also note that the undisputed facts reveal that James would not have met any of the five factors. First, James did not have express permission to use the van; in fact, he had been expressly forbidden to use the van at the time of the incident. Inasmuch as James did not have express permission to drive, the second factor of exceeding that permission is inapplicable. The fourth and fifth factors do not appear to have any applicability once it is determined that, pursuant to the third factor, the driver was not legally entitled to drive under the laws of the State of Indiana.

\* \* \* \* \*

The contract forecloses insurance coverage for a driver who is not legally entitled to drive. Thus, our decision as to the liability of the insurer is controlled by our supreme court's decision in *Smith,* 790 N.E.2d 460.

796 N.E.2d at 833-834.

[15] The Exclusion in this case contains exclusionary language similar to that considered in *Smith* and *Mroz*. Similar to the circumstances with respect to the drivers in *Smith* and *Mroz*, Howard did not have, and knew that he did not have, a valid driver's license at the time of the accident on September 13, 2021. Because he was not legally entitled to drive, Howard did not have a reasonable belief that he was entitled to operate Smith's vehicle on a public highway. Even if Smith gave Howard permission to operate her vehicle, the fact that Howard was not legally entitled to drive is dispositive. *See Smith*, 790 N.E.2d at 461-462 (exclusion applied because Smith was not legally entitled to drive Deem's

vehicle even if Deem gave her permission to drive); *Mroz*, 796 N.E.2d at 833 (noting the fact that James's driver's license was lawfully suspended was dispositive and the exclusion applied). Accordingly, pursuant to the Exclusion and in light of *Smith* and *Mroz*, the accident was excluded from coverage under the Policy.[3] The trial court did not err in entering summary judgment in favor of United Farm.[4]

[16]  For the foregoing reasons, we affirm the trial court.

[17]  Affirmed.


May, J., and Pyle, J., concur.

---

[3] Wiley cites *Ind. Farmers Mut. Ins. Co. v. Weaver, et. al.*, 120 N.E.3d 280 (Ind. Ct. App. 2019). In that case, John Weaver was driving a vehicle which he owned and which was insured by Indiana Farmers Mutual Insurance Company ("Indiana Farmers") when he lost control and drove into the home of Bryan and Sunday Vanzile. 120 N.E.3d at 282. The Vanziles sued Weaver. *Id*. Indiana Farmers sought a declaratory judgment that it had no duty to provide coverage to Weaver, who was driving with a suspended driver's license. *Id*. State Farm Mutual Automobile Insurance Company moved to intervene, which the court granted, and, joined by the Vanziles, moved for summary judgment, and Indiana Farmers also moved for summary judgment. *Id*. The trial court entered summary judgment in favor of the Vanziles and State Farm and denied Indiana Farmers's motion. *Id*. On appeal, this Court observed, "[w]hile there is case law that has addressed entitlement exclusions in relation to a driver given permissive use of a vehicle from the policy holder, we have not yet had the opportunity to address entitlement exclusions in relation to the policy holder's own use of a vehicle." *Id*. at 283. The Court found the term "using" was ambiguous because its meaning was susceptible to differing interpretations and the term was not synonymous with "operating" as a person could use a vehicle for storage, to salvage spare parts from, or to display at a car show, none of which would require the person to operate the vehicle. *Id*. at 284. Finding the term ambiguous, the Court affirmed the trial court. *Id*. We find that *Weaver* is distinguishable. *Weaver* considered the term "using" in an exclusionary provision in relation to the policyholder's own use of a vehicle, whereas, similar to the circumstances in this case, *Smith* and *Mroz* addressed exclusions in relation to a driver given permissive use of a vehicle from the policyholder. In addition, there is no indication that Smith gave Howard permission to use her vehicle for some purpose other than to drive the vehicle.

[4] Having found the trial court did not err in entering summary judgment in favor of United Farm pursuant to the Exclusion, we do not reach the parties' arguments related to notice.

ATTORNEY FOR APPELLANT

John P. Young
Young & Young
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Lewis S. Wooton
Wooton Hoy, LLC
Greenfield, Indiana